CRAVEN COUNTY BOARD OF EDUCATION, A STATUTORY CORPORATION OF NORTH CAROLINA v. THE HONORABLE HARLAN E. BOYLES, STATE TREASURER; THE HONORABLE EDWARD RENFROW, STATE CONTROLLER; THE HONORABLE JONATHAN B. HOWES, SECRETARY OF THE DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES; AND A. PRESTON HOWARD, JR., DIRECTOR OF THE DIVISION OF ENVIRONMENTAL MANAGEMENT

No. 365PA95

(Filed 4 April 1996)

**Penalties, Fines, and Forfeitures § 8 (NCI4th)— violations of environmental laws—payment to DEHNR—penalty—entitlement of local school district**

Monies paid to the Department of Environment, Health and Natural Resources pursuant to a settlement agreement for violations of air pollution control standards constituted a penalty under Article IX, Section 7 of the North Carolina Constitution and should be remitted to the local school district. It was not determinative that the monies were collected pursuant to a settlement agreement or that the agreement stated that payment was not to be construed as a fine, penalty, or forfeiture.

**Am Jur 2d, Forfeitures and Penalties § 67; Pollution §§ 81, 558.**

**Recovery of cumulative statutory penalties. 71 ALR2d 986.**

On discretionary review pursuant to N.C.G.S. § 7A-31 prior to a determination by the Court of Appeals of summary judgment for plaintiff entered by Bowen, J., on 6 March 1995 in Superior Court, Wake County. Heard in the Supreme Court 16 February 1996.

*Henderson, Baxter & Alford, P.A., by David S. Henderson; and Tharrington Smith, LLP, by Michael Crowell, for plaintiff-appellee.*

*Michael F. Easley, Attorney General, by W. Dale Talbert, Special Deputy Attorney General, for defendant-appellant.*

FRYE, Justice.

Defendants present one issue on appeal: whether monies paid to the Department of Environment, Health and Natural Resources pursuant to a settlement agreement for violations of environmental laws constituted a penalty, forfeiture, or fine under Article IX, Section 7 of the North Carolina Constitution. We answer in the affirmative, and therefore, affirm the judgment of the trial court.

On 11 June 1991, the Director of the Division of Environmental Management (DEM) assessed a civil penalty of $1,466,942.44 against Weyerhaeuser Company (Weyerhaeuser) pursuant to N.C.G.S. § 143-215.114A for violations of air pollution control standards at its pulp mill in Craven County. The fine included $1,000 per day for operating equipment without certain air pollution controls, a lump sum of $3,000 for failing three emissions tests, and $5,000 for making major modifications to equipment without following the proper procedures. The Director concluded that the actual particulate emissions at the facility during the period of the violations were at least 193 tons per year over the allowable emission limit, but made no findings or conclusions as to any specific damage to the environment. In addition to the amount assessed for the violations, the Director assessed $1,942.44 as the cost of investigating the violations. Weyerhaeuser appealed the assessment to the Office of Administrative Hearings (OAH), but later settled the matter with the Department of Environment, Health and Natural Resources (DEHNR). The parties entered into a settlement agreement on 11 October 1991.

On 17 October 1991, pursuant to the settlement agreement, Weyerhaeuser paid $926,000 to DEHNR. Under the terms of the settlement agreement, $922,000 was paid to the State General Fund and DEM for "the sole purpose of redressing any harm or risk, if any, to

the environment or the public health of the people of North Carolina, which may have resulted from any actions or admissions by [Weyerhaeuser] in connection with any alleged violation(s)." The remaining $4,000 was paid to the General Fund for four violations of environmental protection regulations that established maximum allowable pollution emission rates. The settlement agreement also incorporated Weyerhaeuser's position that the payments did "not constitute, nor shall they be construed as forfeitures, fines, penalties or payments in lieu thereof." DEHNR deposited $924,057.56 with the State Treasurer to go to the General Fund and credited $1,942.44, which constituted investigative cost, to a DEM account to be used to support investigations of other environmental violations.

By letter dated 7 November 1991, the Craven County Board of Education (Board), relying on Article IX, Section 7 of the North Carolina Constitution and N.C.G.S. § 115C-437, made a written demand on the State Treasurer for payment of the monies paid by Weyerhaeuser to DEHNR. A copy of the demand letter was sent to the Director of DEM. Counsel for the State Treasurer responded that the Treasurer had no authority to honor the Board's demand without a warrant being authorized by the Secretary of DEHNR. The State Controller, the Secretary of DEHNR, and the Director of DEM informed the Board that they could not honor the Board's demand based in part on their belief that the disposition of funds sought was not controlled by Article IX, Section 7 of the North Carolina Constitution. The Board then filed a petition for a contested case hearing in the OAH, but that petition was dismissed for lack of subject matter jurisdiction.

On 18 August 1993, the Board instituted this declaratory judgment action seeking the proceeds of the civil penalty. The Board contended that the civil penalty paid by Weyerhaeuser to DEHNR in settlement of its case constituted a penalty, forfeiture, or fine under Article IX, Section 7 of the North Carolina Constitution. The Board also contended that the civil penalty was assessed for "breach of the penal laws of the State" and was not remedial in nature. Defendants filed a motion to dismiss the action, and the Board filed a motion for summary judgment. The trial court denied defendants' motion to dismiss, granted the Board's motion for summary judgment, and ordered that the clear proceeds of the settlement be paid to the Board.

Defendants gave notice of appeal from the trial court's order granting the Board's motion for summary judgment, and both parties

petitioned this Court for discretionary review prior to a determination by the Court of Appeals. We allowed the petition on 5 October 1995.

Defendants contend that the trial court erred in granting plaintiff's motion for summary judgment. In accordance with N.C. R. Civ. P. 56(c), we have stated that summary judgment should be "'granted when, viewing the record in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.'" *Aetna Cas. & Sur. Co. v. Nationwide Mut. Ins. Co.*, 326 N.C. 771, 774, 392 S.E.2d 377, 379 (1990) (quoting *Beckwith v. Llewellyn*, 326 N.C. 569, 573, 391 S.E.2d 189, 191 (1990)). In order to be entitled to summary judgment, the moving party must bear the burden and show that no questions of material fact remain to be resolved. *Id.*

Defendants contend that there was a genuine issue of material fact as to whether the money paid by Weyerhaeuser constituted a penalty, forfeiture, or fine under Article IX, Section 7 of the North Carolina Constitution. We disagree with defendants' contention.

Article IX, Section 7 of the North Carolina Constitution, entitled "County school fund," provides as follows:

> Moneys, stocks, bonds, and other property belonging to a county school fund, and the clear proceeds of all penalties and forfeitures and of all fines collected in the several counties for any breach of the penal laws of the State, shall belong to and remain in the several counties, and shall be faithfully appropriated and used exclusively for maintaining free public schools.

In *State ex rel. Thornburg v. 532 B Street*, 334 N.C. 290, 432 S.E.2d 684 (1993), this Court interpreted the meaning of Article IX, Section 7 of the North Carolina Constitution and the scope of its coverage. This Court said:

> "We interpret the provisions of section 7 relating to the clear proceeds from penalties, forfeitures and fines as identifying two distinct funds for the public schools. These are (1) *the clear proceeds of all penalties and forfeitures in all cases, regardless of their nature, so long as they accrue to the state*; and (2) the clear proceeds of all fines collected for any breach of the criminal laws. . . . Thus, in the first category, the monetary payments are penal in nature and accrue to the state regardless of whether the

legislation labels the payment a penalty, forfeiture or fine or whether the proceeding is civil or criminal."

*Id.* at 294, 432 S.E.2d 686 (emphasis added) (quoting *Mussallam v. Mussallam*, 321 N.C. 504, 508-09, 364 S.E.2d 364, 366-67 (citation omitted)); *see also Mussallam*, 321 N.C. 504, 510, 364 S.E.2d 364, 367 (1988) (clear proceeds of bond forfeited by defendant who did not appear should have been remitted to the local school district in accordance with Article IX, Section 7); *State ex rel. v. Marietta & N. Ga. R.R.*, 108 N.C. 24, 12 S.E. 1041 (1891) (judgment in civil suit brought by the State against railroads for violation of law requiring submission of certain reports should be remitted to the local school fund in accordance with Article IX, Section 7).

Under *Thornburg*, "the clear proceeds of all penalties and forfeitures in all cases, regardless of their nature, so long as they accrue to the state," should be paid to the local school district. We have no difficulty in concluding that the clear proceeds from the settlement paid by Weyerhaeuser to DEHNR were covered by Article IX, Section 7 of the North Carolina Constitution. First, the monies accrued to the State. Defendants do not contest this fact which is clear from the evidence. The monies from the settlement were paid to DEHNR, a department of the State. Second, the monies paid by Weyerhaeuser constituted a penalty. Defendants' evidence showed that Weyerhaeuser entered into a settlement agreement with DEHNR after the department found that the company had violated state environmental standards and assessed a civil penalty against Weyerhaeuser for violation of those standards. Weyerhaeuser filed for a contested hearing and then settled with the department in lieu of contesting the civil penalty that had been assessed. The fact that the monies were paid pursuant to a settlement agreement does not change the nature of these payments. The monies were still paid because of a civil penalty assessed against Weyerhaeuser.

Defendants also presented evidence that the settlement agreement stated that the money paid by virtue of the settlement was not to be construed as a fine, penalty, or forfeiture. However, the fact that the parties chose not to call the payment a fine, penalty, or forfeiture is not determinative. *Cauble v. City of Asheville*, 301 N.C. 340, 271 S.E.2d 258 (1980).

In *Cauble*, the city collected fines for overtime parking by allowing individuals to remit the monies voluntarily. If the individuals failed to remit the money, a criminal warrant was issued against the

person. The city argued, among other things, that since citizens were allowed to pay the fines voluntarily, the monies did not constitute penalties, forfeitures, or fines under the constitutional provisions. The trial court, the Court of Appeals, and this Court disagreed with the city. We stated that

> [t]he heart of [the] court's distinction lies not in whether the monies are denominated "fines" or "penalties." Indeed, we have often stated that the label attached to the money does not control. . . . The crux of the distinction lies in the *nature* of the *offense* committed, and not in the [collection] *method* employed . . . .

*Id.* at 344, 271 S.E.2d at 260 (citations omitted).

In the instant case, it is not determinative that the monies were collected by virtue of a settlement agreement, nor is it determinative that defendants and Weyerhaeuser stated that the payment not be construed as a penalty. The monies were paid to settle the assessment of a penalty for violations of environmental standards. As we said in *Cauble*, it is neither "the label attached to the money" nor "the [collection] method employed," but "the nature of the offense committed" that determines whether the payment constitutes a penalty. Viewing the evidence in the light most favorable to defendants, we nevertheless conclude that there is no genuine issue of material fact as to whether the clear proceeds constituted a penalty as that term is used in Article IX, Section 7 of the North Carolina Constitution. Accordingly, the trial court did not err in granting summary judgment for plaintiff.

For the foregoing reasons, we affirm the decision of the trial court.

AFFIRMED.