CHARLENE R. HEADLEY, as Administratrix of the Estate of Larry Stephen Headley, Plaintiff v. JENNIFER LYNN WILLIAMS, Defendant

No. COA01-951

(Filed 4 June 2002)

**Negligence— automobile accident—summary judgment**

The trial court erred in a negligence case arising out of an automobile-motorcycle collision by granting summary judgment for defendant automobile driver because the evidence raised genuine issues of material fact as to whether the motorcycle driver's death was caused by defendant's negligence where the evidence was conflicting as to which driver caused the accident by driving left of the center line, and there was evidence that defendant was driving in violation of the restriction on her driver's license requiring that she wear corrective lenses.

Appeal by plaintiff from judgment entered 14 May 2001 by Judge Timothy S. Kincaid in Watauga County Superior Court. Heard in the Court of Appeals 25 April 2002.

*Horack, Talley, Pharr & Lowndes, P.A., by Neil C. Williams, for plaintiff-appellant.*

*Davis & Hamrick, L.L.P., by Kent L. Hamrick, for defendant-appellee.*

MARTIN, Judge.

Plaintiff, as Administratrix of the Estate of Larry Stephen Headley (decedent), brought this action alleging that decedent was killed as a result of defendant's negligence. Defendant answered, denying negligence, alleging that decedent was negligent, and asserting a counterclaim for property damage. Defendant's motion for sum-

mary judgment dismissing plaintiff's claim was allowed and defendant submitted to a voluntary dismissal of her counterclaim. Plaintiff appeals.

The pleading, affidavits, and other evidentiary materials before the trial court tended to show that decedent was operating a motorcycle in a southeasterly direction along Castle Ford Road, a two-lane, two direction road in Watauga County; defendant was driving an automobile in the opposite direction on Castle Ford Road. At a point in the road where decedent had come out of a curve to his right and defendant was approaching the curve to her left, the vehicle driven by defendant collided with decedent's motorcycle. Decedent died as a result of injuries received in the collision.

There were no eye-witnesses to the collision other than defendant. However, Christopher Michael Mason had been driving behind decedent along Castle Ford Road for a mile and a half prior to the accident. In his affidavit, Mason stated that decedent was operating the motorcycle in a normal manner at a speed of 30 to 35 miles per hour, and was staying within his lane of travel. As decedent entered the curve, Mason lost sight of him due to the curve. As Mason rounded the curve, he came upon the scene of the crash, and stopped his vehicle "directly in front of an automobile with a damaged front left corner which was stopped and sitting approximately two-thirds of the way into my lane of travel." Mason saw debris in the motorcycle's lane of travel.

Trooper Douglass Blake Garland of the North Carolina State Highway Patrol arrived on the scene following the crash and conducted a preliminary investigation. He stated that conditions were dry and clear, but it was dark when he received the call around 6:30 p.m., just a few minutes after the collision occurred. He stated that he noticed defendant's automobile "straddling the yellow lines." Trooper Garland was unable to complete his investigation on the night of the crash and returned to the scene on two occasions in December 1999. Although Trooper Garland had originally been of the opinion that defendant had traveled left of the center line, he filed a collision reconstruction report on 10 March 2000 in which he concluded that decedent

> entered a right hand curve and appears to have leaned to [sic] far into the curve. This caused the crash bar on the motorcycle to touch the asphalt as it leaned right. The motorcycle then began to travel out of control and was leaned to the left side causing it to

travel across the center of the roadway into the path of Ms Williams [sic] 1995 Mazda.

Trooper Garland acknowledged that he originally concluded that defendant had traveled left of center causing the collision; however, he concluded in his final report that "it was absolutely impossible that the car had traveled left of center and struck the motorcycle in the manner that I had originally concluded." Trooper Garland also indicated that defendant, whose driver's license restricted her to wearing corrective lenses, had failed to comply with the restriction at the time of the collision. In his deposition, Trooper Garland testified that debris was present in decedent's lane of travel following the crash, and that scrape marks were present in decedent's lane. Trooper Garland also noted that the motorcycle was found in decedent's lane of travel.

Eric Bare, a registered engineer, testified by deposition that he was employed by defendant's insurance carrier to investigate the accident. Mr. Bare testified that in his opinion the collision occurred in defendant's lane of travel.

Plaintiff assigns error to the entry of summary judgment in defendant's favor, contending the materials before the court created genuine issues of material fact upon the issues of negligence and contributory negligence. We agree and reverse.

Summary judgment is appropriate when the materials before the court reveal that there is no genuine controversy concerning any factual issue which is material to the outcome of the action so that resolution of the action involves only questions of law. *First Federal Savings & Loan Ass'n v. Branch Banking & Trust Co.*, 282 N.C. 44, 191 S.E.2d 683 (1972); N.C. Gen. Stat. § 1A-1, Rule 56(c). In reviewing a trial court's grant of summary judgment, the evidence must be viewed in a light most favorable to the non-moving party. *Craven County Bd. of Educ. v. Boyles*, 343 N.C. 87, 468 S.E.2d 50 (1996). The burden is on the party moving for summary judgment to show the absence of any genuine issue of fact and his entitlement to judgment as a matter of law. *Id.* In ruling on the motion, the court is not authorized to resolve any issue of fact, only to determine whether there exists any issues of fact material to the outcome of the case. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975).

Summary judgment is a drastic remedy. Its purpose is not to provide a quick and easy method for clearing the docket, but is to

permit the disposition of cases in which there is no genuine controversy concerning any fact, material to issues raised by the pleadings, so that the litigation involves questions of law only.

*First Federal Savings & Loan Ass'n*, 282 N.C. at 51, 191 S.E.2d at 688 (citing *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E.2d 823 (1971)). Based upon our review of the evidentiary materials in the record before us, we conclude there are genuine issues of fact which are material to the questions of whether defendant was negligent and whether such negligence was a proximate cause of the accident. There was evidence that decedent had been operating his motorcycle within the speed limit and entirely within his travel lane for some distance before the collision, and there was no evidence of any condition of the roadway which may have caused him to lose control in the vicinity where the collision occurred. Immediately after the collision, defendant's car was found at rest across the center line of the roadway in decedent's lane of travel; decedent's motorcycle came to rest in its proper travel lane. Decedent was found in a ditch to the right side of his travel lane. There are differing inferences which may be drawn from the various skid and gouge marks found at the scene and from the damage to the motorcycle and to defendant's automobile; although the opinions of the reconstruction witnesses based upon the physical evidence are admissible as helpful to a jury in understanding such evidence, the weight and credibility to be given to those opinions is for the jury. *State v. Purdie*, 93 N.C. App. 269, 377 S.E.2d 789 (1989); *see Laughter v. Southern Pump & Tank Co.*, 75 N.C. App. 185, 330 S.E.2d 51, *disc. review denied*, 314 N.C. 666, 335 S.E.2d 495 (1985) (reasonable persons could reach different conclusions from affidavits of eyewitness and accident reconstruction expert). Finally, there was evidence that defendant was driving in violation of the restriction on her driver's license requiring that she wear corrective lenses.

Considering the evidence in a light most favorable to the plaintiff as the non-moving party, as we are constrained to do, we cannot unequivocally say there is no genuine issue of material fact such that defendant is entitled to judgment as a matter of law. Since the evidence raises genuine issues of fact as to whether decedent's death was proximately caused by negligence on the part of defendant, we hold summary judgment dismissing plaintiff's claim was error.

In light of our decision, we need not discuss plaintiff's remaining assignments of error, which relate to evidence offered by defend-

ant at the summary judgment hearing. Summary judgment in defendant's favor is reversed and this case is remanded to the Superior Court of Watauga County for further proceedings consistent with this opinion.

Reversed and remanded.

Judges TYSON and THOMAS concur.