KENNEDY v. GARDNER

[170 N.C. App. 118 (2005)]

WILLIAM KENNEDY AND HERBIE'S STEAK HOUSE AND OYSTER BAR, INC.,
PLAINTIFFS V. BARBARA A. GARDNER AND CYNTHIA H. DAVIS, TRUSTEES OF THE
HANNER FAMILY TRUST AND TRUSTEES OF THE HANNER MARITAL TRUST, DEFENDANTS

No. COA04-975

(Filed 3 May 2005)

**Landlord and Tenant— lease agreement—option to extend**

The trial court did not err in an action concerning a lease agreement by granting summary judgment in favor of defendants even though plaintiffs contend defendants were estopped from requiring written notice of intent to exercise the option to extend the pertinent lease, because: (1) assuming arguendo that defendants were estopped from requiring written notice per the lease provisions for the option to extend to be validly exercised, plaintiffs still cannot overcome the fact that they had no right to exercise any lease extension when the sole right to exercise the option at the time the lease expired was with a company called Sun Ja which took no action either through written or oral communication to exercise the lease extension; (2) the purported reassignment to plaintiffs was not executed until almost a month after the lease term had expired and almost two weeks after the complaint was filed; and (3) plaintiff individual's affidavit did not show there was any issue of material fact as to whether the lease had expired by its stated terms as it presented no facts showing that a party with a right to exercise the option to extend had made any attempt to do so at any time prior to the expiration of the lease.

Appeal by plaintiffs from final order and judgment entered 7 May 2004 by Judge Judson D. Deramus, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 2 February 2002.

*Smith, James, Rowlett & Cohen, LLP by Norman B. Smith, for plaintiff-appellants.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P. by S. Leigh Rodenbough IV, Teresa DeLoatch Bryant, and Alexander Elkan, for defendant-appellees.*

JACKSON, Judge.

Plaintiffs appeal from the order granting defendants' motion for summary judgment entered in Guilford County Superior Court.

Plaintiffs seek a reversal of the trial court's order granting summary judgment and remand of the case for jury trial.

On 26 August 1983 Ruby Hanner ("Hanner") entered into a lease agreement with Spartan Food Systems, Inc. ("Spartan") for the real property that is the subject of the instant case. The original lease was for a term of fifteen years and provided for two five year options to extend the lease for a total of ten years beyond its original term. The lease explicitly required that the options to extend must be exercised upon written notice to the landlord of intent to do so at least 180 days prior to the expiration of the current lease term.

Subsequent to the execution of the original lease, Spartan was succeeded as tenant under the lease by Flagstar Enterprises, Inc. ("Flagstar") and Quincy's Restaurants, Inc. ("Quincy's"). In accordance with the terms of the lease, Flagstar exercised the option for the first five year extension in writing on 22 January 1998.

On 16 June 2000 Quincy's assigned all of its right, title and interest under the lease to plaintiff William Kennedy ("Kennedy") with Hanner's consent. At this point the first five year extension had been exercised and the lease was scheduled to expire on 26 August 2003.

In June 2000, shortly after Quincy's assigned its interest in the lease to him, Kennedy had a conversation with Hanner, her husband and her daughter, defendant Barbara Gardner. Kennedy discussed his possible plans for the property with the Hanners and Gardner and told them he was considering opening a steakhouse and that doing so would require a large investment on his part to renovate the property. With that in mind, he informed the Hanners and Gardner orally that he intended to exercise the second five year extension of the lease and inquired whether Hanner would consider granting him an additional five year extension after the expiration of the remaining extension included in the original lease agreement. Hanner told Kennedy to go ahead and open the steakhouse and see how he did and that if his business did well she would consider favorably an additional five year extension of the lease. This additional extension would have resulted in the lease concluding in 2013.

Kennedy proceeded with the required renovations at a cost of one-hundred fifty-four thousand dollars ($154,000). The renovations were completed in late 2000. On 6 October 2000 Kennedy assigned his interest in the lease to plaintiff Herbie's Steak House and Oyster Bar, Inc. ("Herbie's") with Hanner's consent. Herbie's was a corporation in

**KENNEDY v. GARDNER**

[170 N.C. App. 118 (2005)]

which Kennedy was the sole shareholder, president and CEO. After several months of operation plaintiffs decided to close the steakhouse and dispose of their interest in the property.

In an effort to dispose of their interest in the property plaintiffs began discussions with O'Charley's, Inc. about the possibility of taking over the lease and negotiating an additional lease term with defendants. In the negotiations between O'Charley's and Hanner, a proposed "First Amendment of Lease Agreement" was drafted and provided O'Charley's would have the option to extend the lease for one ten year period followed by options for three additional five year options to extend beyond the two five year options to extend contained in the original lease. The document contemplated plaintiffs would assign the remaining term of the original lease to O'Charley's, however this amendment was never executed by Hanner and O'Charley's.

Ultimately, Herbie's assigned its interest in the lease to Sun Ja, Incorporated ("Sun Ja") on 12 September 2001 and Hanner consented to the assignment on 24 January 2002. By virtue of this assignment, Sun Ja had the exclusive right to exercise the option to extend the lease. Sun Ja retained this right throughout the remainder of the current lease term including 28 February 2003—the date by which written notice must have been given to Hanner in order to exercise the remaining five year option to extend the lease. Sun Ja took no action to exercise its option to extend the lease.

In June 2003, approximately sixty days prior to the expiration of the lease, plaintiffs' attorney sent a fax to the real estate broker who represented Hanner in the original lease negotiation attempting to exercise the final five year option to extend the lease. This attempt to exercise the final option to extend the lease came in response to a letter that Kennedy received from the landlord's counsel demanding that the property be vacated.

In a document dated 23 September 2003, Sun Ja purportedly reassigned its rights under the lease to plaintiffs notwithstanding the fact that the current term had expired on 26 August 2003. The document stated that the reassignment was effective 1 January 2003. Prior to this assignment, Hanner had passed away and her interest in the property had transferred to the Hanner Family Trust and the Hanner Marital Trust. The landlords' consent with respect to this reassignment was neither sought nor obtained.

**KENNEDY v. GARDNER**

[170 N.C. App. 118 (2005)]

The trial court granted defendants' motion for summary judgment, dismissing the claim and dissolving plaintiffs' notice of *lis pendens*. Plaintiffs timely appealed.

Plaintiffs argue that the trial court erred in granting defendants' motion for summary judgment on the ground that defendants were estopped from requiring written notice of intent to exercise the option to extend the lease. Plaintiffs further argue they had the right to exercise the option by virtue of the retroactive assignment of the lease to them by Sun Ja.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1 Rule 56(c) (2003). After the party moving for summary judgment demonstrates that no genuine issue of material fact exists, the burden then shifts to the non-moving party to show, through specific facts, that a genuine issue of material fact does exist. *Lexington State Bank v. Miller*, 137 N.C. App. 748, 751, 529 S.E.2d 454, 455-56 (2000). Evidence must be viewed in the light most favorable to the non-moving party when reviewing a trial court's grant of summary judgment. *Craven County Bd. of Educ. v. Boyles*, 343 N.C. 87, 90, 468 S.E.2d 50, 52 (1996).

In support of their motion for summary judgment defendants submitted a copy of the original lease between Ruby Hanner and Spartan Food Systems, dated 26 August 1983; the consent to assign the original lease to plaintiff Kennedy, executed in 2000; the assignment of lease and consent to assign the lease from plaintiff Kennedy to plaintiff Herbie's Steakhouse, dated 6 October 2000; the memorandum of assignment of lease from Herbie's Steakhouse to Sun Ja, Incorporated, dated 12 September 2001; a guaranty by Sun Ja Incorporated in favor of the estate of Ruby Hanner, dated 22 January 2002; and the consent to assignment of lease from plaintiff Herbie's Steakhouse to Sun Ja Incorporated, dated 24 January 2002.

An "assignment" of a lease is "a conveyance of the lessee's entire interest in the demised premises, without retaining any reversionary interest in the term himself." *Neal v. Craig Brown, Inc.*, 86 N.C. App. 157, 162, 356 S.E.2d 912, 915 (1987) (quoting Hetrick, *Webster's Real Estate Law in North Carolina*, § 241 at 251 (Rev. ed. 1981)). The memorandum of assignment of lease from Herbie's to Sun Ja contains the following clause:

Assignor [Herbie's] hereby assigns, sets over and transfers to Assignee [Sun Ja] all of Assignor's right, title, and interest in and to the above-referenced lease for the premises located at 2913 Battleground Avenue, Greensboro, North Carolina, including any and all addendums, amendments, *extensions*, rights of first refusal, options to purchase and modifications (the "Lease"). The premises which are the subject of the Lease and the Assignment of the Lease are located at 2913 Battleground Avenue, Greensboro, North Carolina and are more particularly described in the Lease. The initial term of the lease was for fifteen (15) years, with two possible extensions of five (5) years each, beginning August 26, 1983. The provisions set forth in the Lease and the Assignment of the Lease and the Memorandum of Lease are hereby incorporated into this Memorandum of Assignment of Lease.

(emphasis added). This is an absolute assignment as it leaves Herbie's with no interest in the assigned property. BLACK'S LAW DICTIONARY 128 (8th ed. 2004). "Covenants to renew are not personal. They run with the land, and are binding upon the legal successors of the lessee as well as the lessor. They are entitled to the benefits and are burdened with the obligations which such covenants confer on the original parties." *Bank of Greenville v. Gornto*, 161 N.C. 277, 279, 77 S.E. 222, 223 (1913). This necessarily means that Sun Ja had the exclusive right to exercise the option to extend the lease. When the terms of a lease provide for extension of the lease term by giving notice in a prescribed manner and within a specific time, giving notice according to those requirements is a condition precedent to the exercise of the option and if the lessee fails to give notice as prescribed the right to extend is lost and cannot be revived by the unilateral act of the lessee. *Kearney v. Hare*, 265 N.C. 570, 574, 144 S.E.2d 636, 639 (1965).

The supporting documentation established that Sun Ja had the exclusive right to exercise the option to extend the lease for the final five year extension. Defendants' documents in support of their motion for summary judgment also showed that neither plaintiff had any rights or interests in the leasehold estate from the time Herbie's interest was assigned to Sun Ja to the expiration of the lease term. Consequently, if Sun Ja failed to give any notice purporting to extend the lease, the right to extend would be lost and the lease would expire by its stated terms on 26 August 2003.

As defendants, the moving party, had established that no genuine issue of material fact existed, the burden then shifted to plaintiffs to

demonstrate that a genuine issue of material fact did exist. *Lexington State Bank*, 137 N.C. App. 751, 529 S.E.2d 455-56. In opposition to defendants' motion for summary judgment, plaintiffs presented the affidavit of plaintiff Kennedy in which he stated that, based on a conversation with Hanner, he believed that there was no longer a need for formal written notice to exercise the option to extend the lease. Kennedy does not contend that he believed that the lease would be extended automatically upon the expiration of the current term— only that formal written notice was no longer required. *Cf. Wachovia Bank & Trust Co., N.A. v. Rubish*, 306 N.C. 417, 293 S.E.2d 749 (1982) (evidence existed from which a jury reasonably could infer that lessor had not insisted on written notice to effect prior lease extensions). Kennedy's statement to Hanner that he "planned" to exercise the option was simply a statement of future intent, not a statement that he was exercising his right to extend the lease at the time the statement was made. That statement did not obligate Kennedy to the final five year extension. Hanner's statement that she would consider favorably an additional extension of the lease after the expiration of the lease under the original provisions, similarly, did not obligate her to agree to such an extension.

Assuming *arguendo* that defendants were estopped from requiring written notice per the lease provisions for the option to extend to be validly exercised, Plaintiffs still cannot overcome the simple fact that they had no right to exercise *any* lease extension. The sole right to exercise the option at the time the lease expired was with Sun Ja and Sun Ja took no action—either through written or oral communication to exercise the lease extension.

Kennedy attempts to overcome this fatal flaw by stating in his affidavit that the lease in question had been reassigned to himself and plaintiff Herbie's by an instrument dated 23 September 2003, with an effective date of 1 January 2003. This purported reassignment was not executed until almost a month after the lease term had expired and almost two weeks after the complaint was filed. Kennedy's affidavit did not show that there was any issue of material fact as to whether the lease had expired by its stated terms as it presented no facts showing that a party with a right to exercise the option to extend had made any attempt to do so at any time prior to the expiration of the lease.

Even when viewed in the light most favorable to plaintiffs, the evidence shows that plaintiffs have failed to carry their burden of showing the existence of a genuine issue of material fact. Con-

sequently, we affirm the trial court's order granting summary judgment in favor of defendants.

Affirmed.

Judges HUNTER and CALABRIA concur.