REGINALD L. HUBBARD, WILLODENE C. SANDERS, ROBERT A. GROOMS, JOHN TYNDALL, RONALD L. STARLING, GLORIA FREDERICK, JAMES E. McLAURIN, JOSEPH F. HERMAN, AND CRAIG HART, PLAINTIFFS V. COUNTY OF CUMBERLAND, NORTH CAROLINA, AND EARL BUTLER, SHERIFF OF CUMBERLAND COUNTY, DEFENDANTS

No. COA00-401

(Filed 17 April 2001)

### 1. Appeal and Error— appealability—denial of summary judgment—sovereign immunity

The denial of summary judgment was immediately appealable where defendants asserted a claim of governmental immunity.

### 2. Immunity— sovereign—law enforcement salaries—statutory duty

Defendant-county was not protected by sovereign immunity from an action by Sheriff's Department personnel alleging that a pay plan had been manipulated so that they were deprived of rightfully earned compensation. Defendant had a statutory duty to provide the salaries to which it had committed itself in the enacted budget ordinance and those salaries provided the necessary consideration for the formation of employment contracts between the sheriff and his deputies; having availed itself of the services provided by the law enforcement officers, defendant could not claim sovereign immunity as a defense to its statutory and contractual commitment.

### 3. Counties— sheriff's department pay plan—continuing approval—issue of fact

The trial court correctly denied defendant-county's motion for summary judgment in an action by Sheriff's Department personnel alleging that a pay plan had been manipulated so that they were deprived of rightfully earned compensation. There was an issue of fact as to whether the Board of Commissioners had continued to approve and allocate funds for a longevity pay plan originally adopted in 1980.

### 4. Parties— unnecessary—action by sheriff's employees

The trial court should have granted defendant-sheriff's motion to dismiss in an action by Sheriff's Department personnel against the county and the sheriff alleging that a pay plan had been manipulated so that they were deprived of rightfully earned

compensation. Although plaintiffs alleged that the sheriff acted in concert with the County, there was no evidence of such collusion and the sheriff was an unnecessary party.

Appeal by defendants from judgments entered 2 February 2000 by Judge Gregory A. Weeks in Cumberland County Superior Court. Heard in the Court of Appeals 13 March 2001.

*Larry J. McGlothlin for plaintiff appellees.*

*Harris, Mitchell, Burns & Brewer, by Ronnie M. Mitchell, for defendant appellants.*

McCULLOUGH, Judge.

In a letter dated 24 March 1980, Cumberland County Sheriff Ottis F. Jones requested the Cumberland County Board of Commissioners' approval for a proposed longevity pay system for Cumberland County Sheriff's Department personnel. At the time of Sheriff Jones' letter, all Cumberland County Sheriff's Department personnel within each rank received identical salaries, regardless of length of service or job performance. Expressing "grave concern" over the "extremely excessive" turnover rate among law enforcement officers, Sheriff Jones proposed a new salary policy that would include a longevity provision to reward deserving individuals with incremental pay increases. The proposed plan established a seven-step pay scale, with a one-step increase on the completion of five years of satisfactory service, and an additional step increase every four years thereafter. Although the proposal would initially increase the personnel budget by one hundred thousand dollars, Sheriff Jones assured the Board of Commissioners that his plan would eventually save the County money by decreasing the employee attrition rate. Sheriff Jones ended his letter by requesting that the Board of Commissioners approve the new pay policy to be effective 1 July 1980.

In May 1980, the Cumberland County Board of Commissioners approved and implemented Sheriff Jones' proposed longevity pay system for Cumberland County Sheriff's Department personnel. On 30 June 1997, plaintiffs, who are or were Cumberland County Sheriff's Department law enforcement officers, initiated the present action against Cumberland County. Defendant Earl Butler, Sheriff of Cumberland County, was later joined to the action as a potentially necessary party. In their complaint, plaintiffs alleged that defendants had manipulated and otherwise improperly administered the

longevity pay plan such that plaintiffs were wrongfully deprived of rightfully earned compensation. The trial court subsequently denied defendant Butler's motion to dismiss and defendant County's motion for summary judgment, which defendants now appeal to this Court.

[1] We note initially that an appeal from the denial of a summary judgment motion, such as the instant one, is interlocutory and generally not allowed as it does not affect a substantial right of the parties. *Smith v. Phillips*, 117 N.C. App. 378, 380, 451 S.E.2d 309, 311 (1994). When the motion is made on the grounds of sovereign immunity, however, "such a denial is immediately appealable, because to force a defendant to proceed with a trial from which he should be immune would vitiate the doctrine of sovereign immunity." *Id.* at 380, 451 S.E.2d at 311. In the instant case, defendants have asserted a claim of governmental immunity and, therefore, their appeal is properly before this Court.

[2] Defendant County argues that summary judgment should have been granted as to plaintiffs' claims regarding manipulation of the pay plan. Summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits show no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999); *Kephart v. Pendergraph*, 131 N.C. App. 559, 562, 507 S.E.2d 915, 918 (1998). The movant bears the burden of establishing that no triable issue exists, and he may do this by "proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim." *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). Defendant County contends that the doctrine of sovereign immunity protects it from plaintiffs' suit. Because defendant County has not waived sovereign immunity or otherwise consented to the present action, it maintains that it is protected from plaintiffs' suit as a matter of law. We disagree.

In general, the doctrine of sovereign immunity provides the State, its counties, and its public officials with absolute and unqualified immunity from suits against them in their official capacity. *Messick v. Catawba County*, 110 N.C. App. 707, 714, 431 S.E.2d 489, 493, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 336 (1993). Such immu-

nity may be waived, however. *Id.* at 714, 431 S.E.2d at 493-94. For example, in *Smith v. State*, 289 N.C. 303, 320, 222 S.E.2d 412, 423-24 (1976), our Supreme Court held that "whenever the State of North Carolina, through its authorized officers and agencies, enters into a valid contract, the State implicitly consents to be sued for damages on the contract in the event it breaches the contract." The *Smith* Court also noted that under N.C. Gen. Stat. § 153A-11, "counties . . . may contract and be contracted with and . . . may sue and be sued." *Smith*, 289 N.C. at 321, 222 S.E.2d at 424; N.C. Gen. Stat. § 153A-11 (1999).

Plaintiffs in the instant case are law enforcement officers hired directly by the Sheriff of Cumberland County. The Sheriff is an independent constitutionally mandated officer, elected by the voters. N.C. Const. art. VII, § 2. Because it is the Sheriff, and not the County, who directly hires law enforcement officers, plaintiffs do not enjoy all of the protections of County employees. *See Peele v. Provident Mut. Life Ins. Co.*, 90 N.C. App. 447, 450, 368 S.E.2d 892, 894, *appeal dismissed, disc. review denied*, 323 N.C. 366, 373 S.E.2d 547 (1988) (holding that dispatcher was employee of the sheriff rather than the county); *see also* N.C. Gen. Stat. § 153A-103(1) (1999) (granting a sheriff "the exclusive right to hire, discharge, and supervise the employees in his office"). "Each sheriff [however] . . . is entitled to at least two deputies who shall be reasonably compensated by the county . . . ." N.C. Gen. Stat. § 153A-103(2) (1999). Such compensation is provided directly by the County. Under N.C. Gen. Stat. § 153A-92, "the board of commissioners shall fix or approve the schedule of pay, expense allowances, and other compensation of all county officers and employees, whether elected or appointed, and may adopt position classification plans." N.C. Gen. Stat. § 153A-92(a) (1999). Further, the power of the Board of Commissioners to determine such compensation is subject to the following limitation:

> If the board of commissioners reduces the salaries, allowances, or other compensation of employees assigned to an officer elected by the people, and the reduction does not apply alike to all county offices and departments, the elected officer involved must approve the reduction. If the elected officer refuses to approve the reduction, he and the board of commissioners shall meet and attempt to reach agreement. If agreement cannot be reached, either the board or the officer may refer the dispute to arbitration by the senior resident superior court judge of the superior court district

N.C. Gen. Stat. § 153A-92(b)(3) (1999). We also note that under N.C. Gen. Stat. § 153A-13, a "county may enter into continuing contracts" for which the county "must have sufficient funds appropriated to meet any amount to be paid under the contract in the fiscal year in which it is made." N.C. Gen. Stat. § 153A-13 (1999).

In addition, all counties are subject to The Local Government Budget and Fiscal Control Act, (LGBFCA), N.C. Gen. Stat. §§ 159-7 through 159-41. Under LGBFCA, "each department head shall transmit to the budget officer the budget requests and revenue estimates for his department for the budget year." N.C. Gen. Stat. § 159-10 (1999). Thereafter, "the governing board shall adopt a budget ordinance making appropriations and levying taxes for the budget year in such sums as the board may consider sufficient and proper . . . ." N.C. Gen. Stat. § 159-13(a) (1999). The governing board, in adopting the budget ordinance, is bound to appropriate the full amount estimated by the finance officer that is required for debt service during the budget year. N.C. Gen. Stat. § 159-13(b)(1) (1999). The board must also appropriate "[s]ufficient funds to meet the amounts to be paid during the fiscal year under continuing contracts previously entered into . . . ." N.C. Gen. Stat. § 159-13(b)(15) (1999). Once the budget ordinance is in place, it becomes the statutory duty of the county's finance officer to "disburse all funds of the local government or public authority in strict compliance with [the LGBFCA and] the budget ordinance . . ." and to "receive and deposit all moneys accruing to the local government or public authority, or supervise the receipt and deposit of money by other duly authorized officers or employees." N.C. Gen. Stat. §§ 159-25(a)(2) and (4) (1999).

Defendant County has a statutory duty to provide the salaries to which it has committed itself in the enacted budget ordinance. Such salaries provide the necessary consideration for the formation of employment contracts between the Sheriff and his deputies. *See Pritchard v. Elizabeth City*, 81 N.C. App. 543, 552, 344 S.E.2d 821, 826, *disc. reviews denied*, 318 N.C. 417, 349 S.E.2d 598 (1986) (holding that once employment was offered and accepted by plaintiff firefighters under the compensation plan set forth in the city ordinance, its provisions became part of the employment contract); *see also Burns v. Brinkley*, 933 F.Supp. 528, 533 (E.D.N.C. 1996) (noting that the pension system established for deputy sheriffs was part of the consideration forming the basis of their public employment contracts). Defendant County, after having availed itself of the services provided by the law enforcement offi-

cers, may not claim sovereign immunity as a defense to its statutory and contractual commitment. We determine that, under the facts of this case, defendant County is not protected by sovereign or governmental immunity.

**[3]** Plaintiffs have alleged that defendant County failed to comply with its duties under the budget ordinance. Plaintiffs offer the affidavit of a certified public accountant, who, after examining plaintiffs' pay records and the budget ordinances, stated that "there were irregularities . . . in the application of the policy over a period of years." Defendant County clearly has a statutory duty to abide by the terms of the budget ordinance which it approves. The Board of Commissioners is not obligated to accept a submitted budget proposal from a Sheriff, of course, but once it approves a budget and salary plan and enacts such in the budget ordinance, the County is obligated to abide by the budget ordinance and pay out monies appropriated therefor. It is unclear from the record before us whether the Board continued to approve and appropriate in their budget ordinance each year the longevity pay plan originally proposed by Sheriff Jones and adopted by the county in 1980.[1] As such, there are genuine issues of material fact that render a grant of summary judgment inappropriate at this time. We hold, therefore, that the trial court correctly denied defendant County's motion for summary judgment. We now examine whether the trial court correctly denied defendant Butler's motion to dismiss.

**[4]** The essential question on a motion to dismiss is whether, as a matter of law, the allegations of the complaint, when liberally construed, are sufficient to state a claim upon which relief may be granted under any legal theory. *See* N.C. Gen. Stat. § 1A-1, Rule 12(b)(6); *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). As plaintiffs acknowledge, "it is not the Sheriff's responsibility to fund the Sheriff's Department but that of the County." *See* N.C. Gen. Stat. § 153A-103(2). Nor does the Sheriff administer the funds. *See* N.C. Gen. Stat. § 159-25. Although plaintiffs' complaint alleges that defendant Sheriff "acted in concert" with defendant County, there is no evidence of such collusion in the record. Because there is absolutely no evidence that defendant Butler had anything to do with the administration of plaintiffs' salaries, he is an unnecessary party to

---

1. We do not imply by this statement that the Board's actions in allocating budget funds are determinative of plaintiffs' claims. Whether or not the Board could revoke the longevity pay plan by merely failing to allocate funds therefor in the annual budget ordinance is an issue of law not before this Court.

this case, and therefore his motion to dismiss should have been granted by the trial court.

We decline to address additional arguments by defendant County, as they are interlocutory and do not affect defendant County's substantial rights. Because there are genuine issues of material fact outstanding, and because defendant County is not protected by sovereign immunity, we hereby affirm the trial court's order denying summary judgment to defendant County. We reverse the trial court's order denying defendant Butler's motion to dismiss and remand this case for entry of an order granting such to defendant Butler.

Affirmed in part, reversed in part.

Judges GREENE and HUDSON concur.