LLOYD G. BROWN, NANCY L. BLACKWOOD, CHAD BRANDON, RICHARD C.
COCKERHAM, CAROLYN M. DAWSON, TRENT WILLIAM DUNCAN, ROGER J.
HART, LISA HARTRICK, KEVIN HARVELL, ALAN W. HILL, ADAM HUFFMAN,
CHRIS LIV, JOHN MCRAE McBRYDE, ROGER V. MILLER, RONALD J. MYERS,
JR., WILLIAM PICKENS, WILLIAM S. POWELL, LAURA PREVATTE, DENNIS K.
REGISTER, JOSEPH SWARTZ, SARA ELLIS THOMPSON, ERIC P. WELKER,
STEPHEN L. WILLIAMS, DAVID AMARAL, JODY BRADY, RICHARD
CHELLBERG, GARY M. CURCIO, SHANE HARDEE, JAMES M. HENDRICKS,
WILLIAM R. HILDRETH, JOHN P. HOWARD, ANTHONY RUSSELL MEADOWS,
JAMES SCHLENKER, PETER C. STEPONKUS, ON BEHALF OF THEMSELVES AND ALL
OTHERS SIMILARLY SITUATED, PLAINTIFFS V. NORTH CAROLINA DEPARTMENT OF
ENVIRONMENT AND NATURAL RESOURCES, AN AGENCY OF THE STATE OF NORTH
CAROLINA; DEE FREEMAN, SECRETARY OF THE NORTH CAROLINA DEPARTMENT
OF ENVIRONMENT AND NATURAL RESOURCES, IN HIS OFFICIAL CAPACITY; AND
THE STATE OF NORTH CAROLINA, DEFENDANTS

No. COA10-315

(Filed 7 June 2011)

**1. Immunity— sovereign immunity—waiver—overtime compensation rights**

The trial court erred by dismissing plaintiffs' claim for overtime compensation under N.C.G.S. § 1A-1, Rule 12(b)(1) for lack of jurisdiction based on sovereign immunity. The State waived its sovereign immunity by conferring rights to overtime compensation on state foresters under N.C.G.S. § 113-56.1.

**2. Employer and Employee— Fair Labor and Standards Act— foresters—learned professional exemption inapplicable**

The trial court erred by dismissing plaintiffs' claims for relief under the Fair Labor and Standards Act based on N.C.G.S. § 1A-1, Rule 12(b)(6). The learned professional exemption was

not applicable because the primary duty of plaintiff state foresters was not management of the enterprise in which they were employed.

**3. Administrative Law— Fair Labor and Standards Act— exhaustion of administrative remedies not required**

The trial court erred by dismissing plaintiffs' claims for relief under the Fair Labor and Standards Act (FLSA) based on lack of jurisdiction because plaintiffs were not required to exhaust administrative remedies under N.C.G.S. § 143-300.35(a). Plaintiffs were entitled to choose to pursue an FLSA claim in either a judicial or an administrative forum, but not both.

Appeal by plaintiffs from order entered 30 November 2009 by Judge Henry W. Hight, Jr., in Wake County Superior Court. Heard in the Court of Appeals 29 September 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Scott A. Conklin and Assistant Attorney General Ward Zimmerman, for the State.*

*Elliot Pishko Morgan, P.A., by Robert M. Elliot, for plaintiff-appellants.*

BRYANT, Judge.

Where the State has conferred a right to overtime compensation to state foresters under North Carolina General Statutes, section 113-56.1, the State has waived its sovereign immunity, and we reverse the trial court's dismissal of plaintiffs' claim for overtime compensation pursuant to Rule 12(b)(1). Further, where N.C. Gen. Stat. § 143-300.35(a) authorizes the maintenance of a separate action in the trial division of the General Courts of Justice for claims brought by state employees against state agencies under the Fair Labor Standards Act, we reverse the trial court's dismissal of plaintiffs' claims.

Pursuant to the allegations of the complaint, each named plaintiff is a resident of North Carolina, employed as a forester in the Division of Forest Resources, a division of the North Carolina Department of Environment and Natural Resources (NCDENR). On 1 December 2008, plaintiffs instituted a class action complaint on behalf of themselves and a proposed class of "professional" employees of the NCDENR, alleging violations of state and federal wage and hour laws, naming as defendants NCDENR, NCDENR Secretary Dee Freeman,

and the State. Plaintiffs sought overtime compensation (1) for all hours worked in fighting forest fires pursuant to N.C. Gen. Stat. § 113-56.1; (2) for firefighting and other disaster relief work under the Fair Labor and Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*; and (3) for their regular duties under the FLSA. In lieu of an answer, defendants filed a motion to dismiss pursuant to Rule 12(b)(1), 12(b)(2), and 12(b)(6) alleging sovereign immunity, failure to state a claim upon which relief can be granted, and failure to exhaust administrative remedies. Memoranda were submitted in support of their respective positions. On 20 November 2009, following a 6 November 2009 hearing, the trial court entered an order which granted defendants' motion to dismiss plaintiffs' complaint: plaintiffs' first claim for compensation, under N.C.G.S. § 113-56.1, was dismissed pursuant to Rule 12(b)(1), on grounds of sovereign immunity; plaintiffs' second and third claims were dismissed pursuant to Rules 12(b)(1) and 12(b)(6), for, respectively, failure to exhaust administrative remedies and failure to state a claim under the FLSA for which relief could be granted. Plaintiffs appeal.

---

On appeal, plaintiffs argue the trial court erred in dismissing their action for overtime compensation where (I) the State waived its sovereign immunity; (II) plaintiffs are not exempt from the FLSA; and (III) plaintiffs are not required to exhaust administrative remedies.

*I*

**[1]** Plaintiffs argue that the trial court erred in dismissing their claim for overtime compensation pursuant to Rule 12(b)(1), by ruling that the court lacked jurisdiction based on the doctrine of sovereign immunity. Plaintiffs contend the State waived its sovereign immunity by conferring rights to overtime compensation on state foresters under N.C.G.S. § 113-56.1. We agree.

We review a trial court's dismissal of a claim pursuant to Civil Procedure Rule 12(b)(1) de novo. *Harris v. Matthews*, 361 N.C. 265, 271, 643 S.E.2d 566, 570 (2007) (citations omitted). And, in so doing, we may consider matters outside the pleadings. *Id.*

"It is an established principle of jurisprudence, resting on grounds of sound public policy, that a state may not be sued in its own courts or elsewhere unless by statute it has consented to be sued or has otherwise waived its immunity from suit." *Smith v. Hefner*, 235 N.C. 1, 6, 68 S.E.2d 783, 787 (1952) (citations omitted). " 'By application of this principle, a subordinate division of the state, or agency

exercising statutory governmental functions . . . may be sued only when and as authorized by statute.' " *N.C. Ins. Guar. Ass'n. v. Bd. of Trs. of Guilford Technical Cmty. Coll.*, 364 N.C. 102, 107, 691 S.E.2d 694, 697 (2009) (quoting *Smith v. Hefner*, 235 N.C. 1, 6, 68 S.E.2d 783, 787 (1952)). Such a waiver may not be lightly inferred, "and statutes waiving this immunity, being in derogation of the sovereign right to immunity, must be strictly construed." *Battle Ridge Cos. v. N.C. Dep't of Transp.*, 161 N.C. App. 156, 157, 587 S.E.2d 426, 427 (2003) (quoting *Guthrie v. State Ports Auth.*, 307 N.C. 522, 537 8, 299 S.E.2d 618, 627 (1983)); *see, e.g., N.C. Ins. Guar. Ass'n v. Bd. of Trs. of Guilford Technical Cmty. Coll.*, 364 N.C. 102, 104, 691 S.E.2d 694, 695 (2010) ("we conclude that N.C.G.S. § 97-7 of the Workers' Compensation Act is a plain and unmistakable waiver of sovereign immunity . . . ."). "With respect to a motion to dismiss based on sovereign immunity, the question is whether the complaint 'specifically allege[s] a waiver of governmental immunity. Absent such an allegation, the complaint fails to state a cause of action.' " *Sanders v. State Pers. Comm'n.*, 183 N.C. App. 15, 19, 644 S.E.2d 10, 13 (2007) (quoting *Fabrikant v. Currituck Cnty.*, 174 N.C. App. 30, 38, 621 S.E.2d 19, 25 (2005) (citations omitted)).

Our Supreme Court, in addressing whether the State was immune from suit in a breach of contract action brought by an employee of a state agency, held "that whenever the State of North Carolina, through its authorized officers and agencies, enters into a valid contract, the State implicitly consents to be sued for damages on the contract in the event it breaches the contract." *Smith v. State*, 289 N.C. 303, 320, 222 S.E.2d 412, 423 (1976).

(1) To deny the party who has performed his obligation under a contract the right to sue the state when it defaults is to take his property without compensation and thus to deny him due process; (2) To hold that the state may arbitrarily avoid its obligation under a contract after having induced the other party to change his position or to expend time and money in the performance of his obligations, or in preparing to perform them, would be judicial sanction of the highest type of governmental tyranny; (3) To attribute to the General Assembly the intent to retain to the state the right, should expedience seem to make it desirable, to breach its obligation at the expense of its citizens imputes to that body "bad faith and shoddiness" foreign to a democratic government; (4) A citizen's petition to the legislature for relief from the state's breach of contract is an unsatisfactory and frequently a

totally inadequate remedy for an injured party; and (5) The courts are a proper forum in which claims against the state may be presented and decided upon known principles.

. . .

Thus, in this case, and in causes of action on contract arising after the filing date of this opinion, 2 March 1976, the doctrine of sovereign immunity will not be a defense to the State.

*Id.* at 320, 222 S.E.2d at 423-4.

As to its contract, the State should be held to the same rules and principles of construction and application of contract provisions as govern private persons and corporations in contracting with each other. But . . . a contract of the State must ordinarily rest upon some legislative enactment and in this respect is distinguished from contracts with individuals . . . Unless there is an appropriation, courts have no power to enforce a contract of a state, even though they do not doubt its validity.

*Id.* at 310-11, 222 S.E.2d at 417-8 (internal citations omitted).

In *Hubbard v. County of Cumberland*, 143 N.C. App. 149, 150-1, 544 S.E.2d 587, 589 (2001), the plaintiffs, deputy sheriffs, alleged that the County failed to comply with its statutory duties in the administration of the Sheriff's Department longevity pay plan such that the plaintiffs were wrongfully deprived of compensation. The defendant County's motion for summary judgment was denied. On appeal, the appellant-defendant County argued that it was immune from suit because no statute waived its right to sovereign immunity nor had it otherwise consented to the action. *Id.* at 151, 544 S.E.2d at 589. This Court reasoned that where the County had statutorily committed itself to provide salaries to deputy sheriffs and those salaries served as the consideration necessary for the deputy sheriffs' employment contracts, the County, after having availed itself of the law enforcement officers' services, was prohibited from using sovereign immunity as a defense to its statutory obligation and contractual commitment. *Id.* at 153-4, 544 S.E.2d at 590.

In the instant case, plaintiffs allege that at all times relevant to this action, each plaintiff and putative class member "has been employed as a forester in the Division of Forest Resources (DFR), a division of NCDENR, and in this capacity, each plaintiff is and/or has been an 'employee' of defendants, within the meaning of N.C.G.S. § 113-56.1, and the FLSA, 29 U.S.C. § 203(e)." Plaintiffs assert that the

State has waived its governmental immunity to their claims which are premised on their asserted right to overtime compensation pursuant to N.C. Gen. Stat. § 113-56.1. This statute provides for overtime compensation, as follows: "The Department [of Environment and Natural Resources] shall, within funds appropriated to the Department, provide overtime compensation to the professional employees of the Division of Forest Resources involved in fighting forest fires." N.C.G.S. § 113-56.1 (2009).

Here, the State has statutorily committed itself to provide a right to overtime compensation. By the use of the word "shall" the statute unambiguously provides a right to overtime compensation. By enacting this statute the legislature has waived sovereign immunity as to those employees referred to in the statute. And, having availed itself of the services of the professional employees of the Division of Forest Resources, the State is now prohibited from using sovereign immunity as a defense to its contractual commitment. *Hubbard*, 143 N.C. App. at 153-4, 544 S.E.2d at 590. Accordingly, we reverse the trial court's dismissal of plaintiffs' claim for lack of jurisdiction based on sovereign immunity.

*II*

**[2]** Next, plaintiffs contend that the trial court erred in dismissing their claims for relief under the FLSA pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiffs specifically contend the FLSA exemption for "learned professionals" is not applicable to them. We agree.

On appeal, consistent with their motion to dismiss and memorandum of law in support of the motion to dismiss in lieu of an answer, defendants counter plaintiffs' argument and contend that because the FLSA exempts bona fide executive, administrative, and professional employees from overtime pay requirements, per 29 U.S.C. § 213(a)(1), and because plaintiffs assert in their complaint that they are "Professional Employees," plaintiffs are exempt from the overtime requirements of the FLSA. We disagree with defendants' contentions.

The decision "whether an employee is exempt under the Act is primarily a question of fact which must be reviewed under the clearly erroneous standard. . . ." *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1137 (5th Cir.1988) (quoting *Cobb v. Finest Foods, Inc.*, 755 F.2d 1148 (5th Cir.1985), and quoted in *Dalheim*,

infra). Although historical facts regarding the employment history, and inferences based on these facts, are reviewed under the factual standard, the ultimate decision whether an employee is exempt is a question of law. *Dalheim v. KDFW TV*, 918 F.2d 1220 (5th Cir.1990). Exemptions are to be narrowly construed. The burden of proving the applicability of a claimed exemption is on the employer. *Brennan v. Corning Glass Works*, 417 U.S. 188, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974).

*Smith v. Jackson*, 954 F.2d 296, 298 (1992). We review a trial court's dismissal of a complaint pursuant to Rule 12(b)(6) de novo. *State Emps. Ass'n of N.C., Inc. v. N.C. Dep't of State Treasurer*, 364 N.C. 205, 210, 695 S.E.2d 91, 95 (2010).

> [When reviewing a dismissal pursuant to Rule 12(b)(6)] "[w]e determine 'whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. . . .' *Shepard v. Ocwen Fed. Bank, FSB*, 361 N.C. 137, 139, 638 S.E.2d 197, 199 (2006) [(internal citation omitted)]. Dismissal is warranted if an examination of the complaint reveals that no law supports the claim, or that sufficient facts to make a good claim are absent, or that facts are disclosed which necessarily defeat the claim. *Wood v. Guilford Cty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002) (citation omitted).

*Id.*

Here, the trial court found that "[t]he Complaint alleges that the Plaintiffs are 'Professional Employees' as defined by State law." The trial court then concluded that "[t]he Plaintiffs' second and third claims for relief under the FLSA fail to state claims upon which relief can be granted since facts disclosed in the Complaint necessarily defeat those claims."

Plaintiffs have alleged they are professional employees as defined by North Carolina law and have been involved in fighting fires. Specifically, plaintiffs allege they are all foresters and are "responsible for forest management, providing education and services to protect the State's forests," and have also "continually been involved in fighting forest fires." Upon close examination of the allegations in the complaint, we cannot agree with the trial court that plaintiffs fail to state a claim for relief under the FLSA.

Under the FLSA, 29 U.S.C. § 201 *et seq.*, the term " 'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency . . . ." 29 U.S.C. § 203(d). "[T]he term 'employee' means . . . any individual employed by a State, political subdivision of a State, or an interstate governmental agency . . . ." 29 U.S.C. § 203(e)(2)(c). " 'Public agency' means . . . the government of a State or political subdivision thereof; any agency of . . . a State, or a political subdivision of a State . . . ." 29 U.S.C. § 203(x). Pursuant to § 207, an employer is required to compensate an employee for time worked beyond the prescribed maximums 'at a rate not less than one and one half times the regular rate at which he is employed." 29 U.S.C. § 207(k). However, "[t]he provisions of [that] section[] . . . shall not apply with respect to . . . any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).

> The term 'employee employed in a bona fide professional capacity' in section 13(a)(1) of the [Fair Labor Standards] Act shall mean any employee: (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . ., exclusive of board, lodging, or other facilities; and (2) Whose primary duty is the performance of work: (i) Requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or (ii) Requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

29 C.F.R. § 541.300(a) (2009). But, "section 13(a)(1) exemptions and the regulations in this part also do not apply to . . . fire fighters . . . and similar employees, *regardless of rank or pay level, who perform work such as preventing, controlling or extinguishing fires of any type* . . . ." 29 C.F.R. § 541.3(b)(1) (2009) (emphasis added). These employees "do not qualify as exempt executive employees because their primary duty is not management of the enterprise [or the performance of work related to management] in which the employee is employed or a customarily recognized department or subdivision thereof . . . . [F]or example, a . . . fire fighter whose primary duty is to . . . fight fires is not exempt under section 13(a)(1) of the Act merely because the . . . fire fighter also directs the work of other employees in the conduct of . . . fighting a fire." 29 C.F.R. § 541.3(b)(2) (2009).

> Such employees do not qualify as exempt professionals because their primary duty is not the performance of work requiring

knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction or the performance of work requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor . . . .

29 C.F.R. § 541.3(b)(4) (2009).

Therefore, we hold that plaintiffs have stated a claim sufficient to show that the FLSA exemption applicable to those in a bona fide executive, administrative, or professional capacity is not applicable to them.[1] Defendants' motion to dismiss, contending that plaintiffs are exempt professional employees under the FLSA, is insufficient to satisfy defendants' burden of proving the exemption they raise. *See Smith*, 954 F.2d at 298 ("Exemptions are to be narrowly construed. The burden of proving the applicability of a claimed exemption is on the employer." (citation omitted)). Therefore, to the extent the trial court's order granting defendants' Rule 12(b)(6) motion was premised on the conclusion that plaintiffs fell within the scope of the FLSA exemption for those in a bona fide professional capacity, the conclusion was made in error. It is apparent the trial court's conclusion was based on the fact that plaintiffs alleged they were professional employees. It is also apparent that the definition of professional as referenced by plaintiffs is not the same as in the FLSA. Therefore, plaintiffs' claims should not be dismissed on that basis.

Whether plaintiffs are exempt from the provisions of the FLSA for being bona fide executive, administrative, or professionals under 29 U.S.C. § 213(a)(1) is primarily a question of fact to be resolved by an analysis of the duties required of the employees. Where the burden of proof, as to the exemption, has not been satisfied, we cannot hold that plaintiffs fall within the exemption as a matter of law. Therefore, it was error to dismiss plaintiffs' claims pursuant to Rule 12(b)(6), for failure to state a claim upon which relief could be granted.

## III

[3] Last, plaintiffs argue that the trial court's dismissal of their FLSA claims for lack of subject matter jurisdiction was error as they were not required to exhaust administrative remedies. Plaintiffs urge our

---

1. Because plaintiffs' challenge, and the State's defense, is based on the trial court's ruling which considered only the applicability of the "professional employee" exemption, and did not consider the applicability of "executive or administrative" employees' exemptions, our holding on this issue is likewise limited to the issue of the "professional employees" exemption.

consideration that the General Assembly, under N.C. Gen. Stat. § 143-300.35(a), has authorized actions taken pursuant to the FLSA to be heard in state court.

The ultimate issue that must be addressed in determining whether the trial court correctly dismissed plaintiffs' FLSA claims on exhaustion grounds is the extent to which N.C.G.S. § 143-300.35(a) authorizes the maintenance of a separate action in the trial division of the General Court of Justice for claims brought by state employees against state agencies under the FLSA or whether a state employee's exclusive remedy for a FLSA violation in the state system is the initiation of a contested case pursuant to N.C. Gen. Stat. § 126-34.1(a)(11)a, with recourse to the judicial branch being available through the judicial review process authorized by N.C. Gen. Stat. §§ 150B-43 and 150B-45. Although it is well-established that, "where the legislature has provided by statute an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse may be had to the courts," *Presnell v. Pell*, 298 N.C. 715, 721, 260 S.E.2d 611, 615 (1979) (citing *King v. Baldwin*, 276 N.C. 316, 172 S.E.2d 12 (1970), aggrieved litigants are not required to pursue administrative remedies in the event that the applicable statutory provisions " 'create alternative means for an aggrieved party to seek relief.' " *Newberne v. Dep't of Crime Control and Pub. Safety*, 359 N.C. 782, 797, 618 S.E.2d 201, 212 (2005) (quoting *Wells v. N.C. Dep't of Corr.*, 152 N.C. App. 307, 313, 567 S.E.2d 803, 809 (2002). As a result, a proper evaluation of the trial court's decision to dismiss plaintiffs' FLSA claims on exhaustion grounds requires us to construe N.C.G.S. § 143-300.35.

"The principal goal of statutory construction is to accomplish the legislative intent." *Lenox, Inc. v. Tolson*, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001) (citing *Polaroid Corp. v. Offerman*, 349 N.C. 290, 297, 507 S.E.2d 284, 290 (1998), *cert. denied*, 526 U.S. 1098, 143 L. Ed. 2d 671, 119 S. Ct. 1576 (1999)). "The best indicia of that intent are the language of the statute . . . , the spirit of the act and what the act seeks to accomplish." *Concrete Co. v. Bd. of Comm'rs*, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) (citations omitted). "If possible, a statute must be interpreted so as to give meaning to all its provisions." *State v. Buckner*, 351 N.C. 401, 408, 527 S.E.2d 307, 311 (2000) (citing *State v. Bates*, 348 N.C. 29, 35, 497 S.E.2d 276, 279 (1998)). " '[S]ignificance and effect should, if possible, . . . be accorded every part of the act, including every section, paragraph, sentence or clause, phrase, and word.' " *Hall v. Simmons*, 329 N.C. 779, 784, 407 S.E.2d 816, 818

(1991) (quoting *State v. Williams*, 286 N.C. 422, 432, 212 S.E.2d 113, 120 (1975)). "In discerning the intent of the General Assembly, statutes in *pari materia* should be construed together and harmonized whenever possible." *State v. Jones*, 359 N.C. 832, 836, 616 S.E.2d 496, 498 (2005) (citing *Williams v. Williams*, 299 N.C. 174, 180-81, 261 S.E.2d 849, 854 (1980)). "Individual expressions must be construed as part of the composite whole and be accorded only that meaning which other modifying provisions and the clear intent and purpose of the act will permit." *State v. Tew*, 326 N.C. 732, 739, 392 S.E.2d 603, 607 (1990) (citing *In re Hardy*, 294 N.C. 90, 95-6, 240 S.E.2d 367, 371-2 (1978)). We now attempt to construe the relevant statutory provisions utilizing these familiar canons of statutory construction.

N.C.G.S. § 143-300.35(a) provides that:

> The sovereign immunity of the State is waived for the limited purpose of allowing State employees, except for those in exempt policy-making positions designated pursuant to [N.C. Gen. Stat. § 126-5(d), to maintain lawsuits in State and federal courts and obtain and satisfy judgments against the State or any of its departments, institutions, or agencies under:
>
> (1) The Fair Labor Standards Act, 29 U.S.C. § 201, et seq.
>
> (2) The Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.
>
> (3) The Family and Medical Leave Act, 29 U.S.C. § 2601, et seq.
>
> (4) The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

N.C.G.S. § 143-300.35(a) (2009). As a result, the relevant portion of N.C.G.S. § 143-300.35(a) for purposes of this case is that portion authorizing state employees, such as plaintiffs and the class that they seek to represent, "to maintain lawsuits in State and federal courts and obtain and satisfy judgments against the State or any of its departments, institutions, or agencies" for alleged violations of a number of federal statutory schemes, including the FLSA.[2] Read literally, this language clearly permits plaintiffs to maintain an ordinary

---

2. In its brief, the State notes that N.C. Gen. Stat. § 126-86, which was held to provide an alternative judicial remedy at issue under the Whistleblower Act in *Newberne*, explicitly provided for a separate judicial remedy and that N.C.G.S. § 143-300.35(a) lacks equally explicit language. However, while the State has accurately described the "explicit" nature of the statutory provision at issue in *Newberne*, that fact does not change the essential nature of the inquiry we must undertake in this case, which revolves around the entirely separate issue of how N.C.G.S. § 143-300.35(a) should be construed.

civil action in the state judicial system for the purpose of enforcing their rights, if any, under the FLSA.

The State argues that the essential purpose of N.C.G.S. § 143-300.35(a) was to restore a litigant's right to seek relief for alleged violations of the FLSA and similar federal statutory schemes in federal court, so that the two avenues of relief available to state employees seeking to assert a claim against a state agency under the FLSA are a civil action in the federal district courts and a contested case brought pursuant to N.C.G.S. § 126-34.1(a)(11)a. Although this construction, which hinges upon the title of the legislation that enacted N.C.G.S. § 143-300.35(a), has the benefit of giving some meaning to the reference to federal litigation contained in the relevant statutory language, it overlooks the fact that the references to federal and state litigation in N.C.G.S. § 143-300.35(a) are couched in essentially identical terms. As a result, there is no basis in the relevant statutory language, for understanding the federal remedy authorized by N.C.G.S. § 143-300.35(a) to be judicial in nature while understanding the state remedy authorized by the same provision of N.C.G.S. § 143-300.35(a) to be purely administrative.

Therefore, for the foregoing reasons, we conclude that plaintiffs are entitled to " 'choose to pursue a [FLSA] claim in either [a judicial or an administrative] forum, but not both,' " *Newberne*, 359 N.C. at 797, 618 S.E.2d at 212 (quoting *Swain v. Efland*, 145 N.C. App. 383, 389, 550 S.E.2d 530, 535, *cert. denied*, 354 N.C. 228, 554 S.E.2d 832 (2001)), rather than being required to exhaust the administrative remedy made available by N.C.G.S. § 126-34.1(a)(11)a. *See also Johnson v. N.C. Dep't of Health and Human Servs.*, 454 F. Supp. 2d 467 (M.D.N.C. 2006) (holding that "the [S]tate of North Carolina has waived its sovereign immunity with respect to ADA claims filed by state employees" by virtue of the enactment of N.C.G.S. § 143-300.35(a)).

The judgment of the trial court is reversed.

Reversed.

Judges STEELMAN and ERVIN concur.