NO. COA13-1006

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

I. BEVERLY LAKE, JOHN B. LEWIS, JR., EVERETTE M. LATTA, PORTER L. McATEER, ELIZABETH S. McATEER, ROBERT C. HANES, BLAIR J. CARPENTER, MARILYN L. FUTRELLE, FRANKLIN E. DAVIS, JAMES D. WILSON, BENJAMIN E. FOUNTAIN, JR., FAYE IRIS Y. FISHER, STEVE FRED BLANTON, HERBERT W. COOPER, ROBERT C. HAYES, JR., STEPHEN B. JONES, MARCELLUS BUCHANAN, DAVID B. BARNES, BARBARA J. CURRIE, CONNIE SAVELL, ROBERT B. KAISER, JOAN ATWELL, ALICE P. NOBLES, BRUCE B. JARVIS, ROXANNA J. EVANS, and JEAN C. NARRON, and all others similarly situated,

    Plaintiffs,

    v.

STATE HEALTH PLAN FOR TEACHERS AND STATE EMPLOYEES, a corporation, formerly Known as the North Carolina Teachers and State Employees' Comprehensive Major Medical Plan, TEACHERS' AND STATE EMPLOYEES' RETIREMENT SYSTEM OF NORTH CAROLINA, a corporation, BOARD OF TRUSTEES TEACHERS' AND STATE EMPLOYEES' RETIREMENT SYSTEM OF NORTH CAROLINA, a body politic and corporate, JANET COWELL, in her official capacity as Treasurer of the State of North Carolina, and the STATE OF NORTH CAROLINA,

    Defendants.

Gaston County
No. 12-CVS-1547

Appeal by Defendants from order entered 23 May 2013 by Judge Edwin G. Wilson, Jr. in Gaston County Superior Court. Heard in the Court of Appeals 6 March 2014.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Marc Bernstein, for the Defendants-appellants.*

*Gray, Layton, Kersh, Solomon, Furr & Smith, P.A., by Michael L. Carpenter, for Plaintiffs-appellees.*

DILLON, Judge.

The State Health Plan for Teachers and State Employees, *et al.*, (the "Defendants") appeal from the denial of their motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1), (2), and (6) in favor of I. Beverly Lake, *et al.*, (the "Plaintiffs"). For the foregoing reasons, we affirm in part, and dismiss in part.

## I. Background

On 20 April 2012, Plaintiffs filed a complaint alleging, *inter alia*, that they are all former employees and current retirees with the State of North Carolina with at least five years of contributory service; as part of their employment, they were offered certain benefits, including a health benefit plan after retirement through the State Health Plan; this health

benefit plan provided the option to each Plaintiff to participate on a non-contributory 80/20 basis or on a 90/10 basis with a contribution; they had vested by working at least five years and were eligible upon retirement to receive these health insurance benefits from the State Health Plan; Defendants stopped providing a non-contributory 80/20 health benefit in 2011 and the 90/10 plan for retirees in 2009, respectively; and that these actions by Defendants constituted a breach of contract.[1]

On 23 July 2012, Defendants filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1), (2), and (6), arguing that the trial court lacked jurisdiction based, in part, on Defendants' sovereign immunity defense and that the complaint should otherwise be dismissed because the allegations therein failed to state a claim upon which relief could be granted. On 23 May 2013, Judge Edwin G. Wilson, Jr.[2], entered an order denying Defendants' motion to dismiss in its entirety. On 14 June 2013, Defendants filed notice of appeal from the trial court's denial of their motion to dismiss.

---

[1] Plaintiffs also raised a number of other claims which are not at issue in Defendants' appeal.

[2] On 26 November 2012, the Chief Justice of the North Carolina Supreme Court designated this case as "exceptional" under Rule 2.1 of the General Rules of Practice for the Superior and District Courts, and assigned Judge Wilson to the case.

## II. Interlocutory Appeal

On 19 December 2013, Plaintiffs filed a motion to dismiss Defendants' appeal with this Court, arguing that "the appeal is an impermissible interlocutory appeal and Defendant-Appellants do not have a substantial right to immediate review[.]" Plaintiffs raised similar arguments in their brief on appeal.

We have recently stated that

> "[a]s a general rule, interlocutory orders are not immediately appealable." *Id.* (citation omitted). However, "immediate appeal of interlocutory orders and judgments is available in at least two instances: when the trial court certifies, pursuant to N.C.G.S. § 1A-1, Rule 54(b), that there is no just reason for delay of the appeal; and when the interlocutory order affects a substantial right under N.C.G.S. §§ 1-277(a) and 7A-27(d)(1)." *Id.* (quotation omitted).

*Jenkins v. Hearn Vascular Surgery*, *P.A.*, ___ N.C. App. ___, ___, 719 S.E.2d 151, 153-54 (2011). Defendants admit that their appeal is interlocutory, and we agree. Since there is no Rule 54(b) certification, we must determine whether Defendants' appeal affects a substantial right.

In North Carolina, "appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review." *McClennahan v. N.C. Sch. of the Arts*, 177 N.C. App. 806, 808, 630 S.E.2d 197, 199 (2006),

*disc. review denied*, 361 N.C. 220, 642 S.E.2d 443 (2007). However, as stated by our Supreme Court, "[t]he denial of a motion to dismiss for failure to state a claim upon which relief can be granted, made pursuant to Rule 12(b)(6), Rules of Civil Procedure, G.S. 1A-1, is an interlocutory order from which no immediate appeal may be taken." *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 326, 293 S.E.2d 182, 183 (1982) (citation omitted). Therefore, we dismiss Defendants' appeal as to any issues related to the trial court's Rule 12(b)(6) ruling regarding the validity of the alleged contract as interlocutory, and address only those issues related to sovereign immunity and Rule 12(b)(2)[3], as those issues relate to a substantial right and

---

[3]     Our Supreme Court has stated that an order denying a motion to dismiss for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) is not immediately appealable, but that an order denying a motion for lack of personal jurisdiction, pursuant to Rule 12(b)(2) is immediately appealable. *Teachy*, 306 N.C. at 327-28, 293 S.E.2d at 184. The Court in *Teachy* also noted that there is a split in authority around the country as to whether a motion to dismiss based on sovereign immunity is properly a motion under Rule 12(b)(1) or under Rule 12(b)(2) and that the determination of this issue is relevant in North Carolina in situations involving an interlocutory appeal denying a motion to dismiss based on sovereign immunity. *Id*. However, our Supreme Court did not ultimately resolve the issue in *Teachy*, deciding rather to review that appeal based on its supervisory jurisdiction. *Id*. Though our Supreme Court has not resolved the issue as to whether a motion to dismiss based on sovereign immunity is a motion under Rule 12(b)(1) or under Rule 12(b)(2), our Court has determined that the denial of a motion to dismiss based on sovereign immunity can be based on Rule 12(b)(2), and

are immediately appealable. *See McClennahan*, 177 N.C. App. at 808, 630 S.E.2d at 199. We next turn to address Defendants' appeal and their arguments regarding sovereign immunity.

III. Rule 12(b)(2) Dismissal Based on Sovereign Immunity

To survive a Rule 12(b)(2) motion to dismiss based on sovereign immunity, "the complaint must specifically allege a waiver of governmental immunity. Absent such an allegation, the complaint fails to state a cause of action." *Paquette v. County of Durham*, 155 N.C. App. 415, 418, 573 S.E.2d 715, 717 (2002) (citations omitted), *disc. review denied*, 357 N.C. 165, 580 S.E.2d 695 (2003). However, consistent with the concept of notice pleading, "as long as the complaint contains sufficient allegations to provide a reasonable forecast of waiver, precise language alleging that the State has waived the defense of sovereign immunity is not necessary." *Fabrikant v. Currituck County*, 174 N.C. App. 30, 38, 621 S.E.2d 19, 25 (2005) (citation omitted).

is, therefore, immediately appealable. *See, e.g., Data Gen. Corp. v. City of Durham*, 143 N.C. App. 97, 99-100, 545 S.E.2d 243, 245-46 (2001), *explained in Atl. Coast Conf. v. Univ. of Md.,* ___ N.C. App. ___, __, 751 S.E.2d 612, 617 (2013). Therefore, we dismiss Defendants' appeal to the extent that it is based on the denial of their motion to dismiss for lack of subject-matter jurisdiction, pursuant on Rule 12(b)(1).

Here, Plaintiffs argue that they have sufficiently pled that sovereign immunity has been waived by alleging the existence of a valid contract; and, therefore, the trial court properly denied Defendants' Rule 12(b)(2) motion to dismiss. Specifically, Plaintiffs pled that they each had a contract of employment with the State and that these contracts included a promise to provide a guaranteed health benefit during retirement on a non-contributory 80/20 basis or a 90/10 basis with a contribution. Our Supreme Court has held that "whenever the State of North Carolina, through its authorized officers and agencies, enters into a *valid* contract, the State implicitly consents to be sued for damages on the contract in the event it breaches the contract." *Smith v. State*, 289 N.C. 303, 320, 222 S.E.2d 412, 423-24 (1976) (emphasis added). We have held that this waiver of immunity applies in the context of employment contracts:

> "The existence of the relation of employer and employee . . . is essentially contractual in its nature, and is to be determined by the rules governing the establishment of contracts, express or implied." *Hollowell v. Department of Conservation and Development*, 206 N.C. 206, 208, 173 S.E. 603, 604 (1934). Guided by this principle, as well as the reasoning in [*Smith v State*, 289 N.C. 303, 222 S.E.2d 412 (1976)], we hold that the County may not assert the defense of sovereign immunity in

> this case . . . . We agree with plaintiffs' assertion that the employment arrangement between the County and plaintiffs was contractual in nature, although the contract was implied. Employment contracts may be express or implied. An implied contract refers to an actual contract inferred from the circumstances, conduct, acts or relations of the parties, showing a tacit understanding. . . . **We do not limit *Smith* to written contracts; its reasoning is equally sound when applied to implied oral contracts**.

*Archer v. Rockingham Cty.*, 144 N.C. App. 550, 557, 548 S.E.2d 788, 792-93 (2001), *disc. review denied*, 355 N.C. 210, 559 S.E.2d 796 (2002).

We believe that Plaintiffs sufficiently pled a valid contract. For instance, Plaintiffs alleged in their complaint that the State of North Carolina acted by offering specific health plans when Plaintiffs were hired and made representations to Plaintiffs while they were employed that if they worked five years then those health plans would vest and be irrevocable upon retirement. Also, Plaintiffs alleged that they acted by accepting employment based, in part, on these health plans and working a set amount of time with the State of North Carolina so that those health plans would vest or be irrevocable upon retirement. We believe that our decision in *Sanders v. State*

*Pers. Comm'n*, 183 N.C. App. 15, 644 S.E.2d 10, *disc. review denied*, 361 N.C. 696, 652 S.E.2d 654 (2007), is instructive.

In *Sanders*, the plaintiffs, who were employed as "temporary" employees by the State of North Carolina for more than 12 consecutive months, filed their action alleging that a rule promulgated by the State Personnel Commission prohibited individuals from being employed by the State as temporary employees for more than twelve consecutive months; that this rule was part of their contracts of employment; that by working for more than twelve consecutive months, they were entitled to be treated as "permanent" State employees; and that the State breached their contracts of employment by "wrongfully den[ying]" the plaintiffs the employment benefits that permanent employees are entitled to receive. *Id.* at 16, 644 S.E.2d at 11. The State moved to dismiss the plaintiffs' breach of contract claim based on sovereign immunity, a motion which was granted by the trial court. *Id.* at 17, 644 S.E.2d at 11. On the plaintiffs' appeal, the State argued that the "plaintiffs' claim for relief based on a breach of contract cannot overcome sovereign immunity . . . because the alleged contract is 'implied,' 'imaginary,' and in no way 'an authorized and valid contract.'" *Id.* at 19, 644 S.E.2d at 12.

In our opinion, we stated that the plaintiffs alleged "that the State entered into employment contracts with the plaintiffs, incorporating state personnel regulations, pursuant to which they were entitled to certain benefits as a result of their employment for more than 12 months." *Id.* at 18-19, 644 S.E.2d at 13. We stated that these "allegations [were] materially indistinguishable from those found sufficient in several opinions of this Court[,]" including *Peverall v. County of Alamance*, 154 N.C. App. 426, 430-31, 573 S.E.2d 517, 519-20 (2002) (reversing the trial court's dismissal based on sovereign immunity when the plaintiff had alleged a valid employment contract in which the defendant had agreed to provide the plaintiff "disability retirement benefits . . . in exchange for five years of continuous service"), *disc. review denied*, 356 N.C. 676, 577 S.E.2d 632 (2003) and *Hubbard v. County of Cumberland*, 143 N.C. App. 149, 150-51, 544 S.E.2d 587, 589, *disc. review denied*, 354 N.C. 69, 553 S.E.2d 40 (2001). *Id.* at 19-20, 644 S.E.2d at 13. In further comparing these cases, we held,

> [p]laintiffs allege that defendants are manipulating State personnel policies and benefit plans, which govern the terms of state employment, to avoid providing plaintiffs benefits that they rightfully earned as a result of the tenure of their

> employment. Plaintiffs' complaint sufficiently alleges that defendants accepted plaintiffs' services and, therefore, "may not claim sovereign immunity as a defense" to their alleged commitment to provide the benefits provided by the personnel policies setting forth the terms of employment.

*Id.* at 20, 644 S.E.2d at 13 (quoting *Hubbard*, 143 N.C. App. at 154, 544 S.E.2d at 590).

In overruling the defendants' argument "that any contract was only 'implied' and, therefore, no waiver of sovereign immunity has occurred[,]" the Court relied on the holding in *Archer*, *supra*, which extended the holding in *Smith*, *supra,* regarding written contracts to oral implied contracts and also noted that *Archer* "held that plaintiffs could assert their claims because they were 'in the nature of a contractual obligation[.]'" *Id.* at 20-21, 644 S.E.2d at 13-14.

Like *Sanders*, Defendants here essentially make an argument that their Rule 12(b)(2) motion should have been granted because Plaintiffs failed to allege an express agreement concerning the retirement health benefits. Specifically, they point to Plaintiffs' allegations that Defendants have, through representations, policies, and statutes, "avoid[ed] providing plaintiffs benefits that they rightfully earned as a result of the tenure of their employment" and because of this alleged

exchange, Defendants, "'may not claim sovereign immunity as a defense' to their alleged commitment to provide the benefits provided by the personnel policies setting forth the terms of employment." *See id.* at 20, 644 S.E.2d at 13. However, as in *Sander*s, we believe that Plaintiffs have alleged something "in the nature of a contractual obligation" which would still amount to a valid contract under *Archer*, sufficient to survive a Rule 12(b)(2) motion to dismiss based on sovereign immunity. *See Sanders*, 183 N.C. App. at 21, 644 S.E.2d at 13.

We further held in *Sanders* that the defendants' arguments "that the alleged contract is 'imaginary' and not 'an authorized and valid contract'" went to the merits of the plaintiffs' breach of contract claims, pointing out that

> in considering the applicability of sovereign immunity to allegations of breach of a governmental employment contract, "that we are not now concerned with the merits of plaintiffs' contract action. . . . [W]hether plaintiffs are ultimately entitled to relief are questions not properly before us." *Archer v. Rockingham County*, 144 N.C. App. 550, 558, 548 S.E.2d 788, 793 (2001), *disc. review denied*, 355 N.C. 210, 559 S.E.2d 796 (2002). *See also Smith*, 289 N.C. at 322, 222 S.E.2d at 424 ("We are not now concerned with the merits of the controversy. . . . We have no knowledge, opinion, or notion as to what the true facts are. These must be established at the trial. Today we decide only that plaintiff is not to be denied his day in court because his contract was with

the State.").

*Id.* at 20, 644 S.E.2d at 13-14.

In the same way, Defendants here make a number of arguments which go to the *merits* of Plaintiffs' breach of contract claims. However, "[t]his Court has consistently held that we are not to consider the merits of a claim when addressing the applicability of sovereign immunity as a potential defense to liability." *Cam Am South, LLC v. State of North Carolina*, ___ N.C. App. ___, ___, ___ S.E.2d ___, ___, 2014 N.C. App. LEXIS 558 at *16 (N.C. App. June 3, 2014). Rather, our analysis is restricted to whether Plaintiffs have sufficiently alleged that Defendants have waived sovereign immunity. As Plaintiffs sufficiently alleged a valid contract between them and the State in their complaint to waive the defense of sovereign immunity, we affirm the trial court's order denying Defendants' motion to dismiss pursuant to Rule 12(b)(2). *See Cam Am South*, at *18 (holding that "the State waives its sovereign immunity when it *enters* into a contract with a private party, not when it engages in conduct that may or may not constitute a breach") (emphasis in original).

IV. Conclusion

For the foregoing reasons, we affirm the trial court's order denying Defendants' motion to dismiss this action based on their sovereign immunity defense, pursuant to Rule 12(b)(2); and we dismiss Defendants' appeal of the trial court's order denying their motion to dismiss to the extent the order is based on grounds other than Defendants' sovereign immunity defense.

AFFIRMED, IN PART, and DISMISSED, IN PART.

Judge BRYANT and Judge CALABRIA concur.