JAMES E. PEVERALL, JR., AND OTHERS SIMILARLY SITUATED, AND FRANCES KATHERINE PEVERALL, A MINOR BY AND THROUGH HER GUARDIAN AD LITEM, DAVID V. LINER, AND OTHERS SIMILARLY SITUATED, PLAINTIFFS V. THE COUNTY OF ALAMANCE, DEFENDANT

No. COA01-700

(Filed 3 December 2002)

## 1. Appeal and Error— appealability—interlocutory order— sovereign immunity affects substantial right

Although the appeal from the denial of a motion to dismiss is not a final judgment and is generally not appealable, defendant county's appeal is properly before the Court of Appeals because

it is based upon the defense of sovereign immunity which affects a substantial right warranting immediate appellate review.

**2. Immunity— sovereign—county employees—health and life insurance benefits—motion to dismiss—due process— claims under contract law—§ 1983 claim**

The trial court did not err by denying defendant county's motion to dismiss on the ground of sovereign immunity plaintiff's due process, breach of contract, impairment of contractual obligations, and 42 U.S.C. § 1983 claims based on the county's retroactive change in policy requiring county employees declared disabled to have completed twenty years of continuous service to receive health and life insurance benefits rather than the five years required when plaintiff became employed by the county and when he began disability retirement because: (1) defendant is not immune against the due process claim since it was brought pursuant to Article I, Section 19 of the North Carolina Constitution; (2) while sovereign immunity remains a valid defense in tort actions, it is not a proper defense in suits arising from contract law; and (3) defendant is not immune from plaintiff's § 1983 claim since the alleged federal violation occurred as a result of defendant's official action.

Appeal by defendant from order entered 29 March 2001 by Judge Steve A. Balog in Alamance County Superior Court. Heard in the Court of Appeals 13 March 2002.

*Randolph M. James for plaintiff appellee.*

*Alamance County Attorney David I. Smith, and Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Edward L. Eatman, Jr., and John D. Kocher, for defendant appellant.*

TIMMONS-GOODSON, Judge.

The County of Alamance ("defendant") appeals from an order of the trial court denying its motion to dismiss. For the reasons stated herein, we affirm the order of the trial court.

The relevant facts of this appeal are as follows: James E. Peverall, Jr. ("plaintiff"), began his employment as an emergency medical technician with the Alamance County Emergency Medical Service ("EMS") on 13 June 1992. During the course of his employment, plaintiff was involved in two separate motor vehicle collisions, the first

occurring on 19 March 1997, and the second on 11 November 1998. As a result of the collisions, plaintiff was diagnosed with post-traumatic stress disorder. Due to the symptoms plaintiff experienced from post-traumatic stress disorder, plaintiff was unable to reliably perform his EMS duties. Plaintiff therefore submitted an application to the Department of State Treasurer Retirement Systems Division for retirement based on disability. The Medical Board of the Retirement Systems Division subsequently approved plaintiff's application for disability retirement, with an effective date of 1 August 1999.

On 16 August 1999, the Board of Commissioners for Alamance County adopted a new policy regarding health and life insurance benefits for county employees declared disabled by the State Retirement Commission. The new policy, effective retroactively to the fiscal year beginning 1 July 1999, required county employees to have completed twenty years of continuous employment in order to receive health and life insurance benefits. Under the previous policy, which was in effect at the time plaintiff began his employment with EMS, the time period for the vesting of health and life insurance benefits was only five years. Although plaintiff had continuously worked for Alamance County for more than five years before he retired, he did not have the requisite twenty years of service to qualify for insurance benefits under the new policy.

Plaintiff thereafter filed a cause of action against defendant seeking class action status on behalf of himself, his daughter, and others similarly situated. In his complaint, plaintiff alleged that defendant, acting by and through the Board of Commissioners, had harmed plaintiff by denying him insurance benefits to which he was entitled. The complaint averred that the new policy, adopted by defendant and retroactively applied to plaintiff, denied insurance benefits to plaintiff and others whose rights to the benefits vested before the change in policy. Plaintiff alleged that adoption of the new policy constituted (1) arbitrary and capricious action in violation of constitutional and statutory law; (2) breach of contract and breach of third-party beneficiary contract; (3) negligent and (4) intentional infliction of emotional distress; and (5) breach of good faith and fair dealing; (6) an unconstitutional impairment of contractual obligations, and (7) a violation of his due process rights under Title 42, section 1983 of the United States Code. Defendant subsequently filed a motion to dismiss the complaint pursuant to 12(b)(6) of the North Carolina Rules of Civil Procedure, alleging that plaintiff had failed to state a claim upon which relief could be granted.

Defendant's motion to dismiss came before the trial court on 7 March 2001. Upon review of the complaint, the trial court dismissed plaintiff's third, fourth and fifth causes of action, as well as that portion of plaintiff's second cause of action relating to a breach of a third-party beneficiary contract. The trial court denied defendant's motion to dismiss as to the remaining causes of action and entered an order accordingly. From this order, defendant appeals.

---

[1] Defendant argues that the trial court erred in denying its motion to dismiss plaintiff's complaint in its entirety. At the outset, we note that the denial of a motion to dismiss is not a final judgment and thus generally not appealable. *See Faulkenbury v. Teachers' & State Employees' Retirement System*, 108 N.C. App. 357, 365, 424 S.E.2d 420, 423, *affirmed per curiam*, 335 N.C. 158, 436 S.E.2d 821 (1993). Where the appeal from an interlocutory order raises issues of sovereign immunity, however, such appeals affect a substantial right sufficient to warrant immediate appellate review. *See Hedrick v. Rains*, 121 N.C. App. 466, 468, 466 S.E.2d 281, 283, *affirmed per curiam*, 344 N.C. 729, 477 S.E.2d 171 (1996). A substantial right is moreover affected where the motion to dismiss is based upon an immunity defense to a section 1983 claim. *See Corum v. University of North Carolina*, 97 N.C. App. 527, 532, 389 S.E.2d 596, 599 (1990), *affirmed in part, reversed in part on other grounds*, 330 N.C. 761, 413 S.E.2d 276, *cert. denied*, 506 U.S. 985, 121 L. Ed. 2d 431 (1992). Defendant argues that, as a county, it is shielded from plaintiff's suit by virtue of its sovereign immunity. Defendant's appeal is therefore properly before us to the extent that it is based upon the defense of sovereign immunity.

[2] Defendant contends that the trial court erred by denying its motion to dismiss plaintiff's surviving claims on the grounds of sovereign immunity. Sovereign immunity generally operates to provide "unqualified and absolute immunity" to the state and its counties from suits brought against them in their official capacity. *Archer v. Rockingham Cty.*, 144 N.C. App. 550, 552-53, 548 S.E.2d 788, 790 (2001), *disc. review denied*, 255 N.C. 210, 559 S.E.2d 796 (2002). The general rule of immunity is subject to exceptions, however, in cases where the State is deemed to have "consented to be sued." *See Slade v. Vernon*, 110 N.C. App. 422, 426, 429 S.E.2d 744, 746 (1993).

In the instant case, plaintiff's remaining claims seek redress for (1) violation of due process; (2) breach of contract; (3) impairment of contractual obligations; and (4) violation of Title 42, section 1983 of

the United States Code. We must therefore examine each of these four claims in order to determine in each instance whether sovereign immunity shields defendant from suit.

### I. Due Process Claim

In his complaint, plaintiff alleged that defendant's actions were arbitrary and capricious and in violation of both the United States Constitution and Article I, Section 19 of the North Carolina Constitution. It is well established that sovereign immunity does not protect the state or its counties against claims brought against them directly under the North Carolina Constitution. *See Corum*, 330 N.C. at 785-86, 413 S.E.2d at 291. Because plaintiff brought his due process claim pursuant to Article I, Section 19 of the North Carolina Constitution, defendant is not entitled to the defense of sovereign immunity against this claim. We therefore reject this basis as a defense to plaintiff's first claim.

### II. Breach of Contract Claim

Plaintiff argues that, while sovereign immunity remains a valid defense in tort actions, it is not a proper defense in suits arising from contract law. We agree. Referring to *State v. Smith*, 289 N.C. 303, 222 S.E.2d 412 (1976), this Court has noted that, "[o]ur Supreme Court abolished sovereign immunity in contract actions in 1976." *Herring v. Winston-Salem/Forsyth County Bd. of Educ.*, 137 N.C. App. 680, 681 n.1, 529 S.E.2d 458, 460 n.1, *disc. review denied*, 352 N.C. 673, 545 S.E.2d 423 (2000). "[W]henever the State of North Carolina, through its authorized officers and agencies, enters into a valid contract, the State implicitly consents to be sued for damages on the contract in the event it breaches the contract." *Smith*, 289 N.C. at 320, 222 S.E.2d at 423-24; *see also Hubbard v. Cty. of Cumberland*, 143 N.C. App. 149, 153-54, 544 S.E.2d 587, 590 (holding that sovereign immunity did not shield the defendant county from a suit brought by law enforcement officers who alleged that the county had negligently administered a longevity pay plan, where the pay plan constituted part of the consideration in the officers' public employment contracts), *disc. review denied*, 354 N.C. 69, 553 S.E.2d 40 (2001).

In the instant case, plaintiff alleged that defendant breached its employment contract by denying plaintiff the disability retirement benefits it agreed to provide in exchange for five years of continuous service when plaintiff originally contracted for employment with defendant. Plaintiff further alleged that he suffered damages due to

this breach. Because defendant does not enjoy immunity from suits arising from damages incurred due to breach of contract, we reject defendant's argument that the trial court should have dismissed this claim based on sovereign immunity. We therefore overrule this assignment of error.

### III.  Impairment of Contractual Obligations Claim

Defendant further contends that it is protected by sovereign immunity from plaintiff's claim of impairment of contractual obligations. We disagree.

Article I, Section 10, Clause 1 of the United States Constitution provides that "[n]o state shall . . . pass any . . . law impairing the obligation of contracts . . . ." U.S. Const. art. I, § 10, cl. 1. In *Simpson v. N.C. Local Gov't Employees' Retirement System*, 88 N.C. App. 218, 363 S.E.2d 90 (1987), *affirmed per curiam*, 323 N.C. 362, 372 S.E.2d 559 (1988), and again in *Bailey v. State of North Carolina*, 348 N.C. 130, 500 S.E.2d 54 (1998), the appellate courts reaffirmed the principle that "the relationship between [government employees] and the Retirement System is one of contract." *Simpson*, 88 N.C. App. at 223, 363 S.E.2d at 93; *Bailey*, 348 N.C. at 142, 500 S.E.2d at 60-61.

In *Simpson*, the plaintiffs were vested members of the North Carolina Local Governmental Employees' Retirement System. The plaintiffs brought a class action suit against the State of North Carolina, arguing that the State unconstitutionally impaired their contractual rights in a pension plan when the legislature, by amendment, changed the method of calculating disability benefits, resulting in a reduction of the plaintiffs' benefits under the plan. In concluding that the employees "had a contractual right to rely on the terms of the retirement plan," this Court noted that:

> "A pension paid a governmental employee . . . is a deferred portion of the compensation earned for services rendered." If a pension is but deferred compensation, already in effect earned, merely transubstantiated over time into a retirement allowance, then an employee has contractual rights to it. The agreement to defer the compensation is the contract. Fundamental fairness also dictates this result. A public employee has a right to expect that the retirement rights bargained for in exchange for his loyalty and continued services, and continually promised him over many years, will not be removed or diminished. Plaintiffs, as members of the North Carolina Local Governmental Employees'

Retirement System, had a contractual right to rely on the terms of the retirement plan as these terms existed at the moment their retirement rights became vested.

*Id.* at 223-24, 363 S.E.2d at 94 (quoting *Insurance Co. v. Johnson, Comr. of Revenue,* 257 N.C. 367, 370, 126 S.E.2d 92, 94 (1962)).

Although neither *Simpson* nor *Bailey* directly addressed the question of sovereign immunity, the doctrine clearly did not shield the State from suit in those cases. Further, we have already concluded that the State does not enjoy sovereign immunity from suits based on a breach of contractual obligations. We therefore hold that defendant is not shielded from liability for plaintiff's claim of impairment of contractual obligations, and we overrule this assignment of error.

### IV. 42 U.S.C § 1983 Claim

Finally, defendant argues that plaintiff's claim of a due process violation pursuant to section 1983 claim should have been dismissed on the basis of sovereign immunity. We disagree.

Title 42, section 1983 of the United States Code in pertinent part provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (2000). Section 1983 "works to create a species of tort liability, in favor of persons who are deprived of rights, privileges, or immunities secured to them by the Constitution." *Crump v. Bd. of Education,* 326 N.C. 603, 614, 392 S.E.2d 579, 584-85 (1990). A county may not claim sovereign immunity as a defense to a section 1983 claim if the violation of federal rights is caused by the county's official policy, such as the implementation of an ordinance or a decision officially adopted by the board of county commissioners. *See, e.g., Corum,* 330 N.C. at 772, 413 S.E.2d at 283; *see generally,* Anita R. Brown-Graham, *Civil Liability of the County and County Officials, in County Government in North Carolina,* 73, 90-92 (A. Fleming Bell, II & Warren Jake Wicker eds., 4th ed. 1998). In such cases, the county is not entitled to sovereign immunity for its actions. *See id.*

In the case *sub judice*, plaintiff alleged that defendant's action in officially adopting the new policy deprived plaintiff of his vested benefits and therefore constituted an unlawful taking and due process violation under the United States Constitution. Because the alleged federal violation occurred as a result of defendant's official action, defendant is not immune from plaintiff's claim pursuant to Title 42, section 1983, on the basis of sovereign immunity. We note that plaintiff may not be entitled to monetary relief pursuant to section 1983 against defendant on grounds other than sovereign immunity. *See Messick v. Catawba County*, 110 N.C. App. 707, 713-14, 431 S.E.2d 489, 493 (holding that, because a county is not a "person" for purposes of a section 1983 claim, it cannot be sued where the remedy sought is monetary damages), *disc. review denied*, 334 N.C. 621, 435 S.E.2d 336 (1993). As this appeal is limited to issues of sovereign immunity, however, we do not address the merits of such an argument. We therefore overrule this assignment of error.

In conclusion, we hold that sovereign immunity does not shield defendant from plaintiff's surviving claims. We decline to address additional arguments by defendant, as they are interlocutory and do not affect defendant's substantial rights. *See Clayton v. Branson*, 153 N.C. App. 488, 493-94, 570 S.E.2d 253, 257 (2002); *Hubbard*, 143 N.C. App. at 155, 544 S.E.2d at 591. The order of the trial court is hereby

Affirmed.

Judges WYNN and TYSON concur.