**RICHMOND CNTY. BD. OF EDUC. v. COWELL**

[225 N.C. App. 583 (2013)]

RICHMOND COUNTY BOARD OF EDUCATION, Plaintiff

v.

JANET COWELL, NORTH CAROLINA STATE TREASURER, in her official capacity only, DAVID T. MCCOY, NORTH CAROLINA STATE CONTROLLER, in his official capacity only, ANDY WILLIS, NORTH CAROLINA STATE BUDGET DIRECTOR, in his official capacity only, REUBEN F. YOUNG, SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, in his official capacity only, and ROY COOPER, ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA, in his official capacity only, Defendants

No. COA12-1022

Filed 19 February 2013

**1. Appeal and Error—interlocutory orders and appeals—substantial right—sovereign immunity—standing**

Defendants' first argument in a declaratory judgment action regarding the denial of its motion to dismiss based upon the defense of sovereign immunity affected a substantial right and was thus immediately appealable. However, defendants' second argument based upon the alleged lack of standing of plaintiff to bring the present action was dismissed because it did not affect a substantial right.

**2. Immunity—sovereign immunity—motion to dismiss—redress for constitutional injury—diverting fees from public school funds into general revenue fund**

The trial court did not err in a declaratory judgment case regarding a newly enacted fee under N.C.G.S. § 7A-304(4b) by denying defendants' motion to dismiss the case upon grounds of sovereign immunity. The newly enacted fee collected a penalty in Richmond County and diverted that penalty from Richmond County's public school funds into the general revenue fund of the State. The law in this state does not permit the State to assert sovereign immunity to preclude a plaintiff from seeking redress for an alleged constitutional injury under Article IX, Section 7 of our Constitution.

Appeal by defendants from order entered 23 May 2012 by Judge W. Osmond Smith III, in Wake County Superior Court. Heard in the Court of Appeals 9 January 2013.

*George E. Crump, III, for plaintiff appellee.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Hal F. Askins, for defendant appellants.*

McCULLOUGH, Judge.

Defendants appeal from an order of the trial court denying their motion to dismiss the present action upon grounds of sovereign immunity and lack of standing by plaintiff to bring this action. After careful review, we affirm the trial court's denial of defendants' motion to dismiss upon grounds of sovereign immunity, and we dismiss defendants' remaining argument concerning plaintiff's standing to bring this action as interlocutory and not affecting a substantial right of defendants.

## I. Background

N.C. Gen. Stat. § 7A-304(a) (2011) enumerates a list of costs that "shall be assessed and collected" in every criminal case "wherein the defendant is convicted, or enters a plea of guilty or nolo contendere, or when costs are assessed against the prosecuting witness[.]" *Id.* In 2011, the North Carolina General Assembly enacted legislation amending N.C. Gen. Stat. § 7A-304(a) to include a provision requiring the collection of the following cost:

> To provide for contractual services to reduce county jail populations, the sum of fifty dollars ($50.00) for all offenses arising under Chapter 20 of the General Statutes and resulting in a conviction of an improper equipment offense, to be remitted to the Statewide Misdemeanor Confinement Fund in the Division of Adult Correction of the Department of Public Safety.

N.C. Gen. Stat. § 7A-304(4b) (2011); *see* 2011 N.C. Sess. Laws 145, § 31.26.(c). This newly enacted provision became effective on 1 July 2011. *See* 2011 N.C. Sess. Laws 145, § 32.6.

On 16 February 2012, plaintiff commenced the present action by filing a complaint for a declaratory judgment against defendants, in their official capacities only, in Wake County Superior Court. Defendants in the present case are executive officers of the State who are involved in the administration of State funds. Plaintiff's complaint alleges that the statutory amendment violates the provisions of Article IX, Section 7 of the North Carolina Constitution because it col-

lects a penalty in Richmond County and diverts that penalty from Richmond County's public school funds into the general revenue fund of the State. Plaintiff seeks a judgment declaring the newly enacted fee to be a penalty and the statutory amendment unconstitutional and requiring that the fees collected pursuant to this statutory amendment be remitted to the Richmond County Board of Education.

On 14 March 2012, defendants filed a motion to dismiss plaintiff's action pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the North Carolina Rules of Civil Procedure. Defendants asserted the defense of sovereign immunity and lack of standing by plaintiff as grounds for dismissal of plaintiff's action. On 15 May 2012, plaintiff filed an amended complaint alleging that defendants could not assert sovereign immunity as a defense to plaintiff's direct constitutional claim and that, to the extent a sovereign immunity defense was available, defendants had waived sovereign immunity by the passage of the Declaratory Judgment Act, N.C. Gen. Stat. § 1-253 (2011), and the adoption of the North Carolina Constitution. On 23 May 2012, a hearing was held on defendants' motion to dismiss, and on that same day, the trial court entered an order denying defendants' motion. Defendants gave timely written notice of appeal from the trial court's order to this Court on 18 June 2012.

## II. Interlocutory Nature of Appeal

**[1]** Defendants appeal from the trial court's denial of their motion to dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6). "The denial of a motion to dismiss is an interlocutory order which is not immediately appealable unless that denial affects a substantial right of the appellant." *Carl v. State*, 192 N.C. App. 544, 550, 665 S.E.2d 787, 793 (2008). "The appealing party bears the burden of demonstrating that the order from which he or she seeks to appeal is appealable despite its interlocutory nature." *Hamilton v. Mortgage Information Services*, ___ N.C. App. ___, ___, 711 S.E.2d 185, 189 (2011) (citing *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994)). Thus, the extent to which an appellant is entitled to immediate interlocutory review of the merits of his or her claims depends upon his or her establishing that the trial court's order deprives the appellant of a right that will be jeopardized absent review prior to final judgment. *Id.*; *see also Harbour Point Homeowners' Ass'n, Inc. v. DJF Enters., Inc.*, 206 N.C. App. 152, 157, 697 S.E.2d 439, 444 (2010).

This Court has consistently held that " '[t]he denial of a motion to dismiss based upon the defense of sovereign immunity affects a substantial right and is thus immediately appealable.' " *Carl*, 192 N.C. App. at 550, 665 S.E.2d at 793 (quoting *RPR & Assocs. v. State*, 139 N.C. App. 525, 527, 534 S.E.2d 247, 250 (2000)). Therefore, we review the merits of defendants' sovereign immunity argument on appeal.

However, defendants' second argument on appeal is not based upon the defense of sovereign immunity but rather addresses the trial court's denial of their motion to dismiss based upon the alleged lack of standing of plaintiff to bring the present action. " 'A motion to dismiss a party's claim for lack of standing is tantamount to a motion to dismiss for failure to state a claim upon which relief can be granted according to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.' " *Pineville Forest Homeowners Ass'n v. Portrait Homes Const. Co.*, 175 N.C. App. 380, 383, 623 S.E.2d 620, 623 (2006) (quoting *Slaughter v. Swicegood*, 162 N.C. App. 457, 464, 591 S.E.2d 577, 582 (2004)). "A trial court's denial of a Rule 12(b)(6) motion to dismiss generally does not affect a substantial right." *Carl*, 192 N.C. App. at 550, 665 S.E.2d at 793. Here, defendants have failed to show how the trial court's denial of their motion to dismiss based upon lack of standing affects a substantial right. "If a party attempts to appeal from an interlocutory order without showing that the order in question is immediately appealable, we are required to dismiss that party's appeal on jurisdictional grounds." *Hamilton*, ___ N.C. App. at ___, 711 S.E.2d at 189 (citing *Pasour v. Pierce*, 46 N.C. App. 636, 639, 265 S.E.2d 652, 653 (1980) (citing *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 210, 240 S.E.2d 338, 344 (1978))). Accordingly, we must dismiss defendants' standing argument as interlocutory and not affecting a substantial right. *See Anderson v. Town of Andrews*, 127 N.C. App. 599, 601, 492 S.E.2d 385, 386 (1997); *Meherrin Indian Tribe v. Lewis*, 197 N.C. App. 380, 385, 677 S.E.2d 203, 207 (2009).

### III.　Standard of Review

The standard of review on appeal from an order denying a motion to dismiss is *de novo*. *Petroleum Traders Corp. v. State*, 190 N.C. App. 542, 546, 660 S.E.2d 662, 664 (2008). Under a *de novo* standard of review, this Court considers the matter anew and freely substitutes its own judgment for that of the trial court. *Id.*

With respect to a motion to dismiss based upon the defense of sovereign immunity, the question before the court is "whether the complaint ' "specifically allege[s] a waiver of governmental immunity.

RICHMOND CNTY. BD. OF EDUC. v. COWELL

[225 N.C. App. 583 (2013)]

Absent such an allegation, the complaint fails to state a cause of action." ' " *Sanders v. State Personnel Comm'n*, 183 N.C. App. 15, 19, 644 S.E.2d 10, 13 (2007) (alteration in original) (quoting *Fabrikant v. Currituck County*, 174 N.C. App. 30, 38, 621 S.E.2d 19, 25 (2005) (quoting *Paquette v. County of Durham*, 155 N.C. App. 415, 418, 573 S.E.2d 715, 717 (2002))). " '[P]recise language alleging that the State has waived the defense of sovereign immunity is not necessary,' but, rather, the complaint need only 'contain[] sufficient allegations to provide a reasonable forecast of waiver.' " *Id.* (second alteration in original) (quoting *Fabrikant*, 174 N.C. App. at 38, 621 S.E.2d at 25). The question is, therefore, whether plaintiff's complaint contains sufficient allegations to support a finding of waiver of sovereign immunity.

## IV. Sovereign Immunity

[2] " ' "As a general rule, the doctrine of governmental, or sovereign immunity bars actions against, *inter alia*, the state, its counties, and its public officials sued in their official capacity." ' " *Petroleum Traders*, 190 N.C. App. at 546, 660 S.E.2d at 664 (quoting *Herring v. Winston-Salem/Forsyth County Bd. of Educ.*, 137 N.C. App. 680, 683, 529 S.E.2d 458, 461 (2000) (quoting *Messick v. Catawba County*, 110 N.C. App. 707, 714, 431 S.E.2d 489, 493 (1993))). "Thus, 'a state may not be sued . . . unless it has consented by statute to be sued or has otherwise waived its immunity from suit.' " *Id.* (ellipsis in original) (quoting *Battle Ridge Cos. v. N.C. Dep't of Transp.*, 161 N.C. App. 156, 157, 587 S.E.2d 426, 427 (2003)).

In the present case, defendants are state officials sued in their official capacity. As they contend on appeal, defendants have not expressly waived sovereign immunity. Defendants further contend that there is no statutory waiver applicable to plaintiff's claim and that the common law waiver of sovereign immunity identified by our Supreme Court in *Corum v. University of North Carolina*, 330 N.C. 761, 413 S.E.2d 276 (1992), does not apply to plaintiff's claim in the present case. We disagree.

In *Corum*, our Supreme Court held that "[t]he doctrine of sovereign immunity cannot stand as a barrier to North Carolina citizens who seek to remedy violations of their rights guaranteed by the Declaration of Rights [of our Constitution]." *Id.* at 785-86, 413 S.E.2d at 291. Our Supreme Court reasoned that

> individual rights protected under the Declaration of
> Rights from violation by the State are constitutional

> rights. Such constitutional rights are a part of the
> supreme law of the State. On the other hand, the doc-
> trine of sovereign immunity is not a constitutional right;
> it is a common law theory or defense established by this
> Court . . . . Thus, when there is a clash between these
> constitutional rights and sovereign immunity, the con-
> stitutional rights must prevail.

*Id.* at 786, 413 S.E.2d at 291-92 (citation omitted). Following *Corum,* in *Peverall v. County of Alamance,* 154 N.C. App. 426, 573 S.E.2d 517 (2002), this Court noted that "[i]t is well established that sovereign immunity does not protect the state or its counties against claims brought against them directly under the North Carolina Constitution." *Id.* at 430, 573 S.E.2d at 519. In *Sanders v. State Personnel Comm'n,* 183 N.C. App. 15, 644 S.E.2d 10 (2007), this Court again held that "sovereign immunity is not available as a defense to a claim brought directly under the state constitution." *Id.* at 18, 644 S.E.2d at 12.

However, relying on this Court's opinion in *Petroleum Traders Corp. v. State,* 190 N.C. App. 542, 660 S.E.2d 662 (2008), defendants argue that the holding in *Corum* does not apply to plaintiff's action in the present case because plaintiff's action arises under Article IX, rather than Article I, of our Constitution. In *Petroleum Traders,* we noted that "[o]ur appellate courts have applied the holding of *Corum* to find a waiver of sovereign immunity only in cases wherein the plaintiff alleged a violation of a right protected by the Declaration of Rights." *Id.* at 548, 660 S.E.2d at 665. Our opinion in *Petroleum Traders* distinguished the holdings in *Sanders* and *Peverall,* noting that the plaintiffs in those cases, as in "every other case waiving sovereign immunity based on *Corum,*" alleged a violation of a right protected by the Declaration of Rights. *Id.* at 550, 660 S.E.2d at 666. We further noted that "*Corum* contains no suggestion of an intention to eliminate sovereign immunity for any and all alleged violations of the N.C. Constitution." *Id.* at 551, 660 S.E.2d at 667. Accordingly, we concluded in *Petroleum Traders* that "*Corum* is properly limited to claims asserting violation of the plaintiff's personal rights as set out in the N.C. Constitution Declaration of Rights." *Id.* at 551, 660 S.E.2d at 667.

First, we note that the plaintiff in *Petroleum Traders* alleged a violation of Article II, Section 23 of our Constitution, which "articulates procedural rules for the passage of a revenue or tax bill[.]" *Petroleum Traders,* 190 N.C. App. at 547, 660 S.E.2d at 665. As we observed in *Petroleum Traders,* Article II, Section 23 of our

Constitution "does not articulate any rights, only procedures to be followed." *Id.* Such is not the case here. In the present case, plaintiff asserts a violation by the State of Article IX, Section 7 of our Constitution, which gives public schools of the several counties the right to "the clear proceeds of all penalties and forfeitures and of all fines collected in the several counties for any breach of the penal laws of the State[.]" N.C. Const. art. IX, § 7. Thus, the constitutional provision at issue in the present case does articulate a right to certain monies belonging to the counties to be "faithfully appropriated and used exclusively for maintaining free public schools." *Id.*

Second, defendants ignore that subsequent to this Court's decision in *Petroleum Traders*, our Supreme Court again addressed the issue of waiver of sovereign immunity as against constitutional claims in *Craig v. New Hanover Cty. Bd. of Educ.*, 363 N.C. 334, 678 S.E.2d 351 (2009). In *Craig*, our Supreme Court stated, "This Court could hardly have been clearer in its holding in *Corum*: '[I]n the absence of an adequate state remedy, one whose state constitutional rights have been abridged has a direct claim against the State under our Constitution.' " *Id.* at 338, 678 S.E.2d at 354 (quoting *Corum*, 330 N.C. at 782, 413 S.E.2d at 289). Our Supreme Court emphasized that *Corum* "clearly establish[ed] the principle that sovereign immunity could not operate to bar direct constitutional claims." *Id.* at 340, 678 S.E.2d at 356. In *Craig*, our Supreme Court allowed the plaintiff to proceed on his "constitutional *claims*," *id.* at 342, 678 S.E.2d at 357 (emphasis added), including not only two claims under Article I, but also one claim under Article IX of our Constitution. *Id.* at 335, 678 S.E.2d at 352. Our Supreme Court expressed that "[t]o hold otherwise would be contrary to our opinion in *Corum* and inconsistent with the spirit of our long-standing emphasis on ensuring redress for every constitutional injury." *Id.* at 342, 678 S.E.2d at 357. Notably, our Supreme Court did not hold that the defendant's assertion of sovereign immunity in *Craig* barred the plaintiff's Article IX claim.

Indeed, our Courts have long entertained claims under Article IX, Section 7, such as that involved in the present case, by plaintiffs against the State. *See, e.g., Craven County Bd. of Education v. Boyles*, 343 N.C. 87, 468 S.E.2d 50 (1996) (action by Craven County Board of Education against State officials seeking declaratory judgment that under Article IX, Section 7 of our Constitution, Board was entitled to clear proceeds of civil penalty paid by company to State for violations of environmental laws); *Shavitz v. City of High Point*, 177 N.C. App. 465, 630 S.E.2d 4 (2006) (action by Guilford County

Board of Education against City of High Point seeking declaratory judgment that under Article IX, Section 7 of our Constitution, Board was entitled to clear proceeds of penalties collected by City's red light camera program), *appeal dismissed, disc. review denied,* 361 N.C. 430, 648 S.E.2d 845 (2007); *N.C. School Bds. Ass'n v. Moore,* 160 N.C. App. 253, 258, 585 S.E.2d 418, 422 (2003) (declaratory judgment action filed by multiple local school boards against chief executive officers of various State departments, agencies, institutions, and licensing boards seeking "a determination that various monetary payments collected by defendants are 'penalties and forfeitures' or 'fines collected . . . for . . . breach of the penal laws of the State' belonging to the public schools 'in the several counties' under Article IX, Section 7." (ellipses in original)), *aff'd in part, rev'd in part,* 359 N.C. 474, 614 S.E.2d 504 (2005); *Cauble v. City of Asheville,* 66 N.C. App. 537, 311 S.E.2d 889 (1984) (class action by citizens, residents, and taxpayers of the City of Asheville contending clear proceeds of fines collected pursuant to City's ordinances forbidding overtime parking were owed to county school board under Article IX, Section 7 of our Constitution), *aff'd,* 314 N.C. 598, 336 S.E.2d 59 (1985).

In light of this line of cases allowing constitutional claims to proceed against the State under Article IX of our Constitution, we have likewise uncovered no case in which a plaintiff's Article IX constitutional claim was barred by the defense of sovereign immunity. Moreover, in reviewing the merits of the plaintiff school boards' claims in these cases, neither this Court nor our Supreme Court has acknowledged the possibility that sovereign immunity might bar the plaintiffs' constitutional action under Article IX, Section 7. We see no meaningful difference in the claims asserted by these plaintiffs and the plaintiff's claim in the present case.

As this Court has previously recognized, "[t]he North Carolina General Assembly is clearly without power to appropriate or divert by statute all or any part of fines resulting from violations of city ordinances to cities and towns, this being in direct contravention of the constitutional provision." *Cauble,* 66 N.C. App. at 541, 311 S.E.2d at 892. Thus, "[i]n accordance with North Carolina authority, it is generally true that where a state constitution gives the clear proceeds of fines to public schools, any statute which purports to divert the total proceeds derived from a particular type of fine to any other purpose will be held unconstitutional." *Id.* at 542, 311 S.E.2d at 893. Here, as in *Craig,* were we to hold that the defense of sovereign immunity bars plaintiff's direct constitutional claim under Article IX, Section 7,

RICHMOND CNTY. BD. OF EDUC. v. COWELL

[225 N.C. App. 583 (2013)]

plaintiff would be left without a remedy to redress the alleged constitutional injury to its rights thereunder. *Craig*, 363 N.C. at 341, 678 S.E.2d at 356 ("If plaintiff is not allowed to proceed . . . with his direct colorable constitutional claim, sovereign immunity will have operated to bar the redress of the violation of his constitutional rights, contrary to the explicit holding of *Corum*.").

Given the long line of cases in North Carolina allowing local boards of education to pursue constitutional claims under Article IX, Section 7 against the State and its agencies as described herein, and in light of our Supreme Court's holding in *Craig* allowing a plaintiff to pursue an Article IX claim in addition to his Article I claims despite the defendants' assertion of sovereign immunity, we hold plaintiff in the present case has sufficiently alleged a common law waiver of sovereign immunity by the State under the principle established by our Supreme Court in *Corum* for plaintiff's direct Article IX constitutional claim. Accordingly, the trial court properly denied defendants' motion to dismiss plaintiff's action.

## V. Conclusion

We affirm the trial court's denial of defendants' motion to dismiss plaintiff's action on grounds of sovereign immunity. Plaintiff's complaint sufficiently alleges that defendants have judicially waived the defense of sovereign immunity for plaintiff's direct constitutional claim under Article IX, Section 7 of our Constitution according to the principle established by our Supreme Court in *Corum* and reiterated by our Supreme Court in *Craig*. The law in this state does not permit the State to assert sovereign immunity to preclude a plaintiff from seeking redress for an alleged constitutional injury under Article IX, Section 7 of our Constitution.

We dismiss defendants' remaining argument addressing plaintiff's lack of standing to bring the present action, as defendants have failed to show how the trial court's denial of their motion to dismiss on that basis affects a substantial right warranting immediate appellate review.

Affirmed in part, dismissed in part.

Judges STEELMAN and STEPHENS concur.